VAN GELDER v. POST and others.

In a suit for dower, proof of actual solemnization of marriage is not necessary. Evidence of cohabitation, general repute, acknowledgment of the parties, reception in the family and other circumstances from which a marriage may be inferred, will be sufficient.

A woman cannot be deprived of her dower, except by a voluntary act of her own.

Partition at law, where she is not a party and in which she does not join, will not bar a wife's right to dower.

Where dower cannot be assigned by metes and bounds, it may be held to attach to rents, profits or other produce—and any equitable mode of compensation can be adopted; and the amount is to be regulated by the value at the time of the husband's alienation.

The statute of limitations does not bar arrears of dower.

Bill by Elizabeth Van Gelder, for her dower, as the widow of Abraham Van Gelder, out of one fourth part of lots and buildings situated in William Street in the city of New York.

The points in the case were, upon the sufficiency of the evidence of marriage and the effect of a partition.

*February 9, 1836.*

*Dower.*
*Marriage.*
*Partition.*
*Evidence.*
*Statute of Limitations.*

Mr. *A. M. Griffin* and *J. Radcliff*, for the complainant.

Mr. *J. P. Hall*, for the defendants.

THE VICE-CHANCELLOR:—In order to make out a *prima facie* right to dower, three things are necessary to be proved: marriage, seizin and the death of a husband.

No question is made in the present case as to the two last. Abraham Van Gelder, whom the complainant alleges to have been her husband, was seized of an undivided fourth part of the premises in which she claims her dower; and his death, during the year one thousand eight hundred and twenty-two, is clearly proved.

But it is said, there is not sufficient evidence of marriage: the testimony not showing an actual solemnization of mar-

VOL. II.                73

riage between the parties. I find it no where laid down to be necessary that such proof should be adduced, in order to establish a right of dower. Upon a plea of *ne unques accouple* and in all cases where the fact of marriage is in question, except in an action for criminal conversation or upon an indictment for bigamy, evidence of cohabitation, general repute, acknowledgment of the parties, reception into the family and other circumstances from which a marriage may be inferred, will be sufficient : Starkie's Ev. part 4, 939 ; *Fenton* v. *Reed*, 4 J. R. 52 ; *Jackson, ex dem. Van Buskirk* v. *Claw*, 18 Ib. 346. In the present suit, there is abundant evidence of the latter description. I consider the marriage sufficiently proved.

Then, it is insisted that if the complainant was the wife of Abraham Van Gelder in the year one thousand eight hundred and six, her claim to dower is barred by the sale and conveyance under the proceedings in partition, in the court of Common Pleas, which then took place between her husband and his co-tenants in common. The record of this proceeding is in evidence. It was a suit for partition in the usual form, under the " act for the partition of lands," passed April 7, 1801, which resulted in a sale by commissioners, upon their report that the premises could not be divided. The commissioners made the sale and executed a deed to the purchaser under the direction of the court—and the defendant derives title from this source. The complainant was not named in or made a party with her husband to this proceeding, nor has she ever executed any release of her dower in conjunction with him or otherwise.

It appears to me impossible that such a proceeding can bar her dower, any more than a simple alienation by the husband would have done. It is true that the statute declares the sale and conveyance by the commissioners to be a bar against the owners and all persons claiming by, from or under them or any or either of them : 1 Kent & Radcliff's ed. Laws, 542 : yet it could not have been intended to affect a wife's right to dower—who, according to my understanding of the law as it exists and always has existed in this state, cannot be deprived of this right, except by a voluntary act of her own.

Her right to dower being then established, the next question is, how and in what manner is she to receive it?

The dower consists in the use of one third of an undivided fourth part of the premises of which her husband was seized in common with others. This is equal to one twelfth of the whole, which is composed of three small lots as held in the year one thousand eight hundred and six (the time of the alienation) containing together about fifty-three feet fronting on William Street and about sixty feet in length. It was judicially ascertained at that time, that the property could not be divided into parts requisite for the partition, without great prejudice to the owners; and therefore, a sale was ordered. It is manifest now that to assign or admeasure to the complainant an equal twelfth part by metes and bounds would be giving to her what would be useless for occupancy or renting. The bill prays an assignment of her dower specifically or an equivalent in money.

Where, from the nature of the property, dower cannot be assigned by metes and bounds of the land, it may be held to attach to the rents and profits or other produce (as in the working of mines,) and any equitable mode of compensating the widow can be adopted: *Coates* v. *Cheever*, 1 Cow. 463; *Hale* v. *James*, 6 J. C. R. 258. But the amount of her compensation must be regulated by the value of the lands at the time of the alienation by the husband. This is now the fixed and settled rule in cases where the husband aliened in his life-time: *Walker* v. *Schuyler*, 10 Wend. 480.

In the present case, the sale under the partition act in the year one thousand eight hundred and six was a sale or alienation by the complainant's husband; and, at that time, the value of the whole property, according to the sale, which was at auction and doubtless effected for the most that could be obtained for the premises and therefore to be taken as evidence of the value, was eight thousand and eight hundred dollars. The husband's one fourth of this sum amounted to two thousand and two hundred dollars; and one third of that amount being put at interest at six per cent., allowing one per cent. from lawful interest to be deducted, as was done in *Hale* v. *James*, supra, and, for the reasons there assigned, would produce an annuity or yearly income of

1836.

VAN GELDER
*v.*
POST.

forty-four dollars. This may be taken as the criterion of the value of her dower; and this she is entitled to; and the same must be computed from the month of April, one thousand eight hundred and twenty-two, at which time her husband died.

The statute of limitations does not interfere with her claim to the arrears for the whole period which has elapsed: *Hazen* v. *Thurber*, 4 J. C. R. 604; *Ward* v. *Kilts*, 12 Wend. 137.

I shall, therefore, decree—considering the defendants as assenting to this course in preference to any other mode of liquidating the value of the dower: *Russell* v. *Austin*, 1 Paige's C. R. 196—the payment of the arrears by the defendants and an annuity of forty-four dollars during the life of the complainant, in full of her dower, to be a charge upon the premises: unless the defendants desire to secure the payment of that sum to her annually during life in some other way and such as a master shall approve. And considering the circumstances of this case, and the grounds upon which costs have been given and refused: *Hale* v. *James*, supra; *Russell* v. *Austin*, supra; I am of opinion the complainant is likewise entitled to her costs of this suit.