G. HARRISON SMITH, Appellant, *v.* PHEBE SMITH, Respondent.

6L 313
42ap408

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

A widow is entitled to have set off to her as her dower, by metes and bounds, to be held by her in severalty, the one-third part of land of which her husband has been seized in fee in severalty, during coverture, and has conveyed an undivided portion to another person, she not joining with him in the conveyance.

She is also entitled to have set off to her, by metes and bounds, as her dower therein, the one-third part of lands conveyed to the husband and a third person, as tenants in common during coverture, and so held by them at the time of the husband's death, to be held by her as tenant in common with the other owner.

Smith *v.* Smith.

Although the statute in relation to proceedings for admeasurement of dower does not require any notice to be given of the meetings of the commissioners, yet such notice is customary and proper, and should be given; but where it appears that a party interested, who complains of the omission to give such notice, knew of such meetings, and that no injustice has been done him by the decision,—*Held*, that the commissioners' report should be confirmed, notwithstanding no formal notice of their meetings had been given.

No appeal can be taken, under the provisions of the Revised Statutes, from an order confirming such a report, unless the commissioners are appointed by the County Court or a surrogate; but an appeal to the General Term from the order of the Special Term, confirming the report of the commissioners appointed by the Supreme Court upon petition, may be upheld under the provisions of chapter 270, Laws of 1854, which allows appeals to be taken in any special proceeding from any order or final determination made at Special Term to the General Term.

Such an appeal does not, however, stay the proceedings, without the order of the court or a judge thereof.

The costs of an appeal from the order confirming the report in such proceedings, where the appointment has been made by the Supreme Court, are not those given by the Revised Statutes, but are regulated by the provisions of chapter 270, Laws of 1854.

THE facts are stated with sufficient fullness in the opinion.

*L. J. Dorwin,* for the appellant.

*M. H. Merwin,* for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.   This is an appeal from an order made at Special Term, confirming the report of commissioners appointed to admeasure the dower of the respondent in certain lands described in her petition, of which her husband died seized, or was seized during her coverture.   The proceeding for the admeasurement of dower was by petition to this court, under the provisions of the Revised Statutes.   (2 R. S., 488.)   From the petition and the other papers before us, it appears that the lands in which the respondent sought to have her dower admeasured consisted of three several parcels.   First. A parcel of about eighty-four acres, of which the respondent's husband was, during coverture, seized in fee in

Smith v. Smith.

severalty, and an equal, undivided half of which he conveyed
to the appellant, by a conveyance in which the respondent
did not join.  Second. A parcel of land containing about
twenty acres, which was conveyed to the appellant and the
respondent's husband as tenants in common, and was held by
them as such at the time of the decease of said husband.
Third. Another parcel consisting of about two acres, owned
and held by the appellant and the said husband at the time
of his death, in the same manner as the parcel last above
described.  In respect to the first parcel, the commissioners
admeasured and set off to the respondent, by metes and
bounds, one-third of the premises, to be held by her in seve-
ralty; and in respect to the two other parcels, they admea-
sured and set off, by metes and bounds, to the respondent,
one-third of each, to be held by her in common with the
appellant.

No complaint is made that the admeasurement is in any
respect unfair or unjust as respects measure or quantity.  The
complaint in regard to the merits is that the respondent was
not entitled to have her dower admeasured and assigned in
either parcel by metes and bounds, inasmuch as the appellant
and the husband, at the time of the death of the latter, held
each and all of said parcels as tenants in common.  What-
ever force there may be in this objection in other respects, it
clearly does not apply to the first parcel of land.  The appel-
lant took a common interest and title in that parcel by con-
veyance from the respondent's husband during her coverture,
and subject to her right of dower therein.  She had, there-
fore, a clear right to have her dower admeasured and assigned
in that parcel by metes and bounds in severalty.  Without
going further, our statute (1 R. S., 742, § 16) provides that
no " act, deed or conveyance executed or performed by the
husband without the consent of the wife, evidenced by her
acknowledgment thereof, in the manner required by law to
pass the estate of married women," shall prejudice the
right of the wife to her dower, or preclude her from the
recovery thereof, if otherwise entitled thereto.  But in the

two other parcels the respondent never had any right of dower, except in the undivided half of which her husband died seized; and had the commissioners admeasured and assigned her dower in these two parcels by metes and bounds, to be held by her in severalty, the portion of the order affirming such admeasurement would have been erroneous, and we should have been compelled to reverse it. The precise point made by the appellant's counsel is that it is erroneous in such a case to admeasure or assign by metes and bounds, and such is the general language of the authorities on that question. Thus in 1 Co. Lit., 32 *b*, "for where he (the husband) was seized in common, there she cannot be endowed by metes and bounds." (Also, Lit., 1, § 44.) And Kent, in his Commentaries (4 Kent Com.), citing Co. Lit., says: "Of lands held in common, the wife has a third part of the share of her husband assigned to her, to be held by her in common with the other tenants." So in Cruise Dig. (Greenl. ed., 170), the rule is laid down in this form: "For where he (the husband) is seized in common with others, his widow cannot be endowed by metes and bounds; for she, being in *pro tanto* of her husband's estate, must take it in the manner in which he held it." But this, I apprehend, means no more than that the widow, in such a case, cannot be endowed by metes and bounds, to hold in severalty against the co-tenants of the husband. And so it is laid down in Bright on Husband and Wife (1 Bright, 371): "Thus, if the husband be tenant in common in fee with B., and die before partition, his widow's dower must be assigned to her to be held in common also, and not in severalty." Here the admeasurement, though by metes and bounds, is to be held by the respondent in common with the appellant. As to him, she holds in common by the very terms of the assignment or admeasurement, the same as did her husband in his lifetime. As against the heirs of the husband, and purchasers from him subject to a dower right, under our laws, the widow is always entitled to assignment or admeasurement by metes and bounds, to be held by her in severalty. The effect of the

present admeasurement is to allow the respondent to hold in severalty against the heirs of the husband, but in common with the appellant, and this we think is right and according to the true intent, spirit and meaning of the rule. The appellant is not injured by it in any conceivable way. He holds the entire estate, after the admeasurement, in common with the widow and heirs of the former co-tenant, the same precisely as he did before with the co-tenant in his lifetime, and he has no reason to complain, and no just or meritorious grounds for an appeal. The respondent's dower must be assigned to her in some form, before she has any estate in the premises. Before assignment her right is a right resting in action only. Our statutes make no express provision for the admeasurement of dower in the case of lands held by the deceased husband in common with others ; but they do give (2 R. S., 488) to "any widow," who shall not have had her dower assigned to her within forty days after the decease of her husband, the right to apply to this court, in the manner in which the application was here made, to have her dower admeasured. This includes widows of persons who held lands in common with others, as well as of those who held the lands in severalty. Section 13 of the statute prescribes the manner in which the admeasurement shall be made in every case. "They shall admeasure and lay off, as speedily as possible, the one-third part of the lands designated in the order for their appointment as the dower of such widow, designating such part with posts, stones or other permanent monuments."

The statute has been fully complied with in this respect in this case, in making the admeasurement, and we entertain no doubt that it has been properly made as respects the rights of the appellant.

In any view, as his rights have been in no respect invaded or affected by the admeasurement, he ought not to be allowed to prosecute the appeal.

On the question of notice to the appellant of the meeting of the commissioners to decide upon the admeasurement, the statute does not in terms provide for any notice, but the prac-

tice is to give such notice, and it ought to be given in all cases, so that all parties interested and who may desire to be heard may have the opportunity of being heard in regard to the determination which the commissioners are to make. In this case no formal notice was given. The commissioners in their report state that the appellant appeared before them at their meeting. But by a subsequent affidavit by two of their members, it appears that the appellant did not actually appear before them, but that he knew of the meeting and might have appeared had he wished so to do.

It also appears that the action of the commissioners was postponed and delayed, from time to time, by verbal stipulation between the attorneys of the respondent and the appellant respectively. In short, there is no doubt, from the papers before us, that the appellant and his attorney knew of the proceedings of the commissioners as they progressed, and might have appeared before them and been heard, had they desired to appear. As no complaint is made of any unfairness or injustice done by the commissioners in making the admeasurement, the mere technical omission to give notice afforded no ground for refusing to confirm the report

The Revised Statutes, under which the proceedings for admeasurement were had, do not give an appeal from the order of confirmation, except in cases where the commissioners have been appointed by the County Court or by a surrogate. The appeal from the order here, if it can be upheld, must have been taken under chapter 270 of the Laws of 1854, which allows appeals to be taken in any special proceeding from any judgment, order or final determination, made at Special Term, to the General Term. The order confirming the report of the commissioners in a proceeding of this kind is in the nature of a final order or determination, and is, therefore, appealable under that statute. Such an appeal, however, does not stay the proceedings without the order of the court or a judge thereof, which does not appear to have been given in this case.

As this proceeding is not an action, there can be no doubt

that it is a special proceeding within the definition given by the Code. By the third section of the act above referred to, it is provided that in special proceedings and on appeal therefrom costs may be allowed in the discretion of the court, and when so allowed shall be at the rate allowed for similar services in civil actions. This appeal not being the one provided for by the Revised Statutes, under which the proceedings were had, the costs of the appeal there provided for do not apply to it, but the costs of the appeal are regulated by the act of 1854. We are of the opinion that the order of the Special Term confirming the report of the commissioners was right and should be affirmed, with costs of the appeal, as upon appeals from judgments in actions, to be paid by the appellant.

Judgment affirmed.