(42 App. Div. 405.)

CARD v. PUDNEY.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. TENANCY IN COMMON—RIGHTS OF CO-TENANT AS AGAINST WIDOW CLAIMING DOWER.
   Where a surviving tenant in common has been made a party to an action for dower by his co-tenant's widow, and the complaint does not show his interest will be affected, his failure to appear until after judgment is not ground for refusal to modify a judgment for the sale of his interest.

2. DOWER—REMEDIES OF WIFE.
   Under Code Civ. Proc. c. 14, tit. 1, art. 3, § 1613, providing for the sale of property in which dower is claimed, in an action for dower in the undivided interest in land owned by plaintiff's husband as tenant in common

the court cannot direct a sale of the undivided interest of the surviving co-tenant.

**3. SAME—JUDGMENT.**
　　Under Code Civ. Proc. c. 14, tit. 1, art. 3, regulating proceedings in actions for dower, a widow is entitled to a judgment assigning dower to her in the undivided interest in lands owned by her husband as tenant in common or for a sale of his interest.

Appeal from special term, Chenango county.

Action for dower by Martha A. Card against George P. Pudney, as executor of the will of Avis Scarritt. From an order refusing to modify a judgment for plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Geo. P. Pudney (Geo. W. Marvin, of counsel), for appellant.
John W. Church, for respondent.

PUTNAM, J. This action was brought by the plaintiff to recover dower in an undivided half of lands described in the complaint, of which her husband, John Card, on the 27th day of May, 1896, died seised. The other undivided half of said premises was then owned by Avis Scarritt, who subsequently died, and George P. Pudney has succeeded to her title. The defendant, Pudney, did not serve an answer in the action, or appear until after the entry of the judgment therein. The judgment provided for a sale of the whole premises, including the interest of the defendant, Pudney, therein, and for the payment out of the proceeds of the costs and expenses of the action, and, after such payment, for a division of the remaining proceeds, one half thereof to the defendant, Pudney, and the other half, after satisfying a mortgage of $250, which was a lien on the undivided half of the premises of which John Card died seised, to his widow and heirs. The defendant thereupon moved to amend the judgment by striking out the provision for a sale of his undivided interest in the land in question, and the provisions charging him or his interest in the land with one-half of the costs ·and expenses of the action. This appeal is taken from an order denying such motion. The action was brought to recover dower in the undivided one-half of lands of which the husband of the plaintiff died seised. The other undivided half of said premises, owned by the defendant as a tenant in common, was not subject to any claim of the plaintiff for dower. She had no right, title, or interest therein. There was no averment in the complaint or in the prayer for relief therein, indicating a purpose on the part of the plaintiff, by the judgment to be entered in the action, to affect the interest of the defendant in the land in question. He, therefore, was not called upon to serve an answer or defend the action. He might properly assume that his interests as a tenant in common could not be affected in an action to recover dower in the undivided half of the premises owned by John Card at the time of his decease, and in which the defendant had no interest, especially as the complaint did not contain any averment or prayer showing that the plaintiff sought in the action to affect his rights as a tenant in common. It was no

ground, therefore, for denying the defendant's motion, that he did not appear or answer, or apply for a modification of the judgment, until after the entry thereof.

The plaintiff was entitled to dower in the lands of which her husband died seised, an undivided half of the premises described in the complaint. It was to recover such dower that the action was brought. The proceedings in actions for dower are regulated by article 3, tit. 1, c. 14, Code Civ. Proc. We are unable to find in the article referred to, or in any other statutory provision, authority for the judgment entered in this action, as far as it provides for a sale of the defendant's undivided one-half of the land in question, and charges him with one-half of the costs of the action. The action related only to an undivided one-half of the premises which the plaintiff's husband owned at the time of his death, and not to the other undivided one-half thereof, then owned by Avis Scarritt. The plaintiff had no right, title, or interest in such undivided one-half, and the statute under the provisions of which the action was brought gave the court no power to direct a sale of any other lands except those in which the plaintiff was entitled to dower.

In an action brought by a widow to recover dower in land of which her husband died seised as tenant in common with another, if the judgment provides for a sale, as in this case, there is no good reason why the undivided interest of which the deceased died seised as a tenant in common should not be brought to a sale, the purchaser receiving the same title as that which the husband had at the time of his death. As the statute appears to confer no power on the court in such an action to direct a sale of the undivided interest of a tenant in common with the deceased, so no sufficient reason or necessity exists why such a sale should be attempted. When, in such an action, the judgment provides for an assignment of dower, it has been held that such an assignment will not affect the property of a tenant in common with the deceased. "When, from the nature of the husband's interests in the property, there can be no assignment in severalty, an assignment by metes and bounds will be dispensed with; as where the lands out of which dower is to be assigned to be held in common with the heirs and other tenants." 10 Am. & Eng. Enc. Law (2d Ed.) 176. "Where the husband died seised of an undivided interest in land as a tenant in common with others, his widow cannot have her dower set off by metes and bounds, but is entitled to have the third part of the share of her husband, to hold in common with his co-tenants. Her dower must be assigned in common, as she cannot have it otherwise than as her husband held his estate." Hart v. Burch, 130 Ill. 427, 22 N. E. 833. See, also, 1 Washb. Real Prop. marg. p. 155; Blossom v. Blossom, 9 Allen, 254–256; Smith v. Smith, 6 Lans. 313. Where a judgment provides for an assignment of dower, it is not necessary, in every case, to assign by metes and bounds. Van Gelder v. Post, 2 Edw. Ch. 577–579; Code Civ. Proc. § 1613. A careful examination of the provisions of article 3, tit. 1, c. 14, Code Civ. Proc., we think, shows that it contains no authority for the judgment entered in this action, as far as the judgment affects the rights of the defend-

ant as a tenant in common of the land of which John Card died seised. The plaintiff was entitled to have her dower assigned in those lands in an undivided half of the premises described in the complaint, or for a judgment providing for a sale thereof, but not a sale of the defendant's interest in said premises as a tenant in common, which were not and could not be affected by the action.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.