## VOLUME 90,

AND

# New York State Reporter,

## VOLUME 124.

---

(97 App. Div. 460.)

### HOWELLS et al. v. McGRAW et al.

(Supreme Court, Appellate Division, First Department. October 21, 1904.)

**1. DESCENT—CONVEYANCES BETWEEN HEIRS—EFFECT.**

Where; after the death, intestate, of the owner of certain real estate, his widow and heirs entered into a contract providing that the widow was entitled to one-third of the net rents of the premises for life, as dowress, and that subject to such dower the parties "stand seised in fee absolute of the following undivided interests in the premises," setting out the interest of each heir, such agreement operated as a conveyance between the parties, and controlled their rights in the property.

**2. SAME—PARTITION—CONSENT DECREE—ESTOPPEL.**

Where, in partition, defendant alleged that his interest in the property as a tenant by the curtesy was an undivided seven-thirtieth part, "subject to the right of dower of the widow," of the common source of title, and, in addition, consented to the report of a referee, confirmed by the court, and a judgment providing that his interest was subject to the widow's right of dower, he was estopped thereafter to claim that his interest should be computed on the whole estate to which his deceased wife would have been entitled in any event.

**8. SAME.**

Where an undivided interest in real estate descended to a daughter, a married woman, who died in the lifetime of her mother, to whom dower in the property was subsequently assigned, the daughter's husband was not entitled to an estate by the curtesy in the third of the premises assigned to the widow of his wife's father for dower, either before or after the termination of the life estate of the widow in such third of the premises.

90 N.Y.S.—**1**

**4. SAME—ASSIGNMENT OF DOWER—ALLOTMENT.**

When property out of which dower is to be assigned is in itself indivisible, and therefore will not admit of setting apart a portion by metes and bounds, an allotment may be made to the widow of her proportionate share of rents and profits issuing from the entire property.

**5. SAME.**

Where an agreement between heirs provided that one-third of the net rents of certain real estate should be apportioned to the widow for life, and that the property should not be sold during her life without her consent, such agreement constituted an assignment of dower, which was not merged in a superior estate by deed between the widow and heirs, in which the widow's dower interest was merely recognized, and the interests of the several parties conveyed inter se.

Appeal from Special Term, New York County.

Partition by Rachel Howells and others against Mary J. McGraw and others. From a judgment directing a division of the proceeds of a sale of the property, Charles B. Nichols appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William H. Hirsch, for appellant.
Merle I. St. John, for respondents Howells and others.
William H. Fain, for respondents McGraw and others.

PATTERSON, J. In an action for the partition of real property, and after the premises had been sold under final judgment, a referee was appointed to make distribution of the proceeds of sale among the parties entitled according to their respective interests in such proceeds. His report was made to the court, and was confirmed. The order of confirmation is appealed from by the defendant Charles B. Nichols, whose relation to the property and whose particular claim urged on this appeal will be hereinafter referred to. The property belonged to John Howells, who died seised of it, and intestate, on the 16th day of May, 1875. It consisted of a lot of ground with a building thereon in the city of New York. Mr. Howells left, him surviving, a widow, the plaintiff Rachel Howells, and several children, among whom was his daughter Elizabeth, who married Charles B. Nichols, the present appellant. There was a child born the issue of this marriage, but that child died. Mrs. Nichols died intestate. Her mother survived her, and is still alive. Charles B. Nichols claims and has an interest as tenant by the curtesy in the share to which his wife was entitled, and the subject discussed on this appeal is the extent of such interest.

After the death of John Howells, the widow and children, or some of them, resided on the premises in question for many years. The interests of some of the parties as they existed at the death of John Howells were changed from time to time by conveyances, to which it is not necessary to refer particularly, except to state that on the 29th of January, 1897, all of the parties in interest—among them Elizabeth Nichols, wife of Charles B. Nichols—entered into an agreement and executed a deed by which their respective interests

¶ 4. See Dower, vol. 17, Cent. Dig. § 352.

were declared and defined. The second clause of that agreement is as follows:

"That the first claims upon said premises and the issues and rents therefrom is that of the widow Rachel Howells, as dowress, and is one-third of the net rents of said premises for her life. That subject to such dower the parties hereto now stand seised in fee simple absolute of the following undivided interests in said premises, to wit: Rachel Howells is seised of a full undivided two-thirtieths part therein and John H. Howells, Elizabeth Nichols, Rhoda Hoffman and Martha Howells are each seised of a full undivided seven-thirtieth part therein; and the contracting parties hereto hereby mutually grant, bargain and sell, remise, release, convey and confirm said premises inter se so that each stands seised of the undivided interest last above respectively ascribed to the said contracting parties, each of whom is to have and to hold his or her share in said premises to himself or to herself (as the case may be) and to his or to her use and to the use and benefit of their respective heirs and assigns forever, subject only to the terms of this writing."

The terms of that agreement and deed are controlling as to the interests of the parties as they were thereby declared to exist by such parties themselves. When the action for partition was brought and it appeared that the plaintiff Rachel Howells had a dower interest and the defendant Charles B. Nichols an interest as tenant by the curtesy in his wife's share, they elected to take a specific gross sum in lieu of their respective interests, and each aided in expediting the action. The defendant Charles B. Nichols, in his answer, alleges that his title or interest in the property as a tenant by the curtesy is an undivided seven-thirtieth part, subject to the right of dower of the widow, Rachel Howells; and thus he acknowledges that his wife's share was subject to her mother's dower, which is only in accordance with the terms of the agreement and deed hereinbefore mentioned. In addition to that, the report of the referee upon title, which was confirmed by the court, states that "Rachel Howells, as widow of said John Howells, is entitled to her full thirds and dower in said entire premises, and that subject to this the shares and interests of each of the parties seised in and possessed of said real estate are as follows" (naming them), including the appellant's interest as tenant by the curtesy, and that interest is declared to be $105/450$ of the real estate; that fractional part being ascertained after computing the dower right of Rachel Howells in the whole estate. The defendant Charles B. Nichols consented to the confirmation and filing of that report, after which final judgment was entered. By that final judgment it is provided that the referee "shall pay to the defendant Charles B. Nichols, tenant by the curtesy in the share or part of said real estate of which his late wife, Elizabeth Nichols, died seised, being a life estate in an undivided seven-thirtieth part, subject to the said right of dower of said Rachel Howells, and in present satisfaction and release of his tenancy by the curtesy, such gross sum as is provided to be paid by law and by the rules of this court." Charles B. Nichols consented to the entry of that judgment, and the rights of all the parties were thereby conclusively fixed. Thus, by the determination of the Supreme Court, based upon the acquiescence of Charles B. Nichols, it is established that his interest as tenant by

the curtesy extended only to such parts or so much of the share of his deceased wife in the premises as were freed from claim to dower; and, as the learned judge before whom this matter came at the Special Term said, Charles B. Nichols is now precluded from questioning rights which have been definitely settled and fixed by the final judgment herein.

Apart, however, from the ground upon which the court below confirmed the report of the referee making distribution of the proceeds of sale, the present contention of the appellant Nichols cannot be sustained. It is that he is entitled to have his interest computed on the whole estate his wife would have been entitled to in any event. The referee was right in computing the value of that interest after deducting the widow's dower therein. In the Matter of Cregier, 1 Barb. Ch. 600, 45 Am. Dec. 416, it is said:

"Where the husband takes land by descent from his father, subject to the dower of his mother in the same, and the dower is afterwards assigned to her, such assignment relates back to the death of the father, so as to deprive the widow of the son, who dies in the lifetime of his mother, of dower, even in the reversion of the third of the estate which is assigned to the mother for dower. Dunham v. Osborn, 1 Paige, 634. And upon the same principle, where the estate descends to a daughter who is a feme covert, and who dies in the lifetime of the mother, to whom dower in the premises is subsequently assigned, the husband of such daughter will not be entitled to an estate by the curtesy in the third of the premises which is thus assigned to the widow of his wife's father for dower, even after the termination of the life estate of such widow in that third of the premises. Reynolds v. Reynolds, 5 Paige, 161."

In the case at bar there was an assignment of dower, or its equivalent. There was none by judicial proceeding or determination, nor was there any specific land set apart to the dowress; but at common law the rule is well established that when property out of which dower is to be assigned is in itself indivisible, and therefore will not admit of setting apart a portion by metes and bounds, an allotment may be made to the widow of her proportionate share of rents and profits issuing from the entire property. White v. Story, 2 Hill, 548; VanGelder v. Post, 2 Edw. Ch. 579; Coates v. Cheever, 1 Cow. 463.

Agreements inter partes constituting assignments or admeasurements of dower are recognized by the courts as effectual for that purpose where the intention is clearly manifested. Aikman v. Harsell, 98 N. Y. 192. In this case that intention appears. The prior claim on all the premises is that of the widow. She is apportioned one-third of net rents during her life, and it is provided in the agreement that the property shall not be sold during her lifetime without her consent. Her dower interest is not created by the deed of 1897. Its existence is recognized, and there is that set apart to her from which she can realize that interest during her lifetime. In our judgment, that deed constituted a sufficient assignment of dower, and there was no merger of that dower in any superior estate.

The order appealed from should be affirmed, with costs. All concur.