[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 204 
The plaintiff's dower had not been assigned or admeasured; and the defendant was in possession of a part only of the premises in which the plaintiff was entitled to dower; the defendant holding under a lease for years. The question is whether the action can be maintained.
Before the adoption of the revised statutes, the plaintiff's remedy at law would have been by an action of dower. The object of that action is to obtain or compel an assignment of dower by the heir or other owner of the land subject to the widow's right. It could therefore be brought only against the owner or tenant of the freehold. No other person could assign the dower (Hurd v.Grant, 3 Wend. 340; Park. on Dower, 265; Co. Litt. 35.a; Bedding ford's Case, 9 Co. Rep. 17).
The action of dower was abolished in 1830, and the action of ejectment substituted in its place (2 R.S. 303, § 2, 4, and 304, 10, 13). By § 4 the action must be brought against the actual occupant of the land if there be one, and in terms this section applies as well to actions of ejectment for dower as to other actions of ejectment. The consequence is that in a case where the premises in which dower is claimed are in the actual occupation of a tenant for years the action of ejectment for dower, if it can be sustained at all, must be brought against the actual occupant and not against the tenant of the freehold.
In Shaver v. M'Graw, 12 Wend. 558, Sutherland, J., doubted whether the principle of the action of dower does not control the action in its present form; and whether the action of ejectment in such a case will lie against any other person than the *Page 206 
tenant of the freehold." Afterwards, however, it was held inSherwood v. Vandenburgh, 2 Hill, 306, that the action might be maintained against the actual occupant, although he was not the owner, or the tenant of the freehold.
It may be doubted whether it entered into the minds of the revisers or of the legislature in framing the 4th and 13th sections of the statute, that they were authorizing a recovery in dower against a temporary occupant who had no authority to assent to the plaintiff's claim or to set apart her dower; but such is the effect of the language used, and the statute must be obeyed. It clearly contemplates the bringing of the ejectment for dower as well before any admeasurement as after, and the authority to bring the action is not limited to cases in which the premises are occupied by the owner of the fee simple or freehold.
The object of the action is to try the right of the widow to have her dower, and if that be found in her favor to have an admeasurement. For both these purposes it would seem to be more proper that the action should be brought against the party chiefly interested in resisting the claim to dower, that is to say, against the owner of the land. But it is not perceived that he can suffer injustice from the proceeding against the actual occupant. The judgment in ejectment will not bind him, because he is not made a party to it: and for the same reason an admeasurement made under the 55th section of the statute (R.S. 311) can not bind him. That section seems to contemplate a proceeding only between the parties to the action of ejectment. Subd. 1 of that section requires no new parties; and subd. 2 gives an appeal from the report of the commissioners, only to the parties to the action. On well established principles the tenant of the freehold could not be bound by such a proceeding. In the old action of dower, if brought against the tenant for years, the tenant of the freehold might before judgment pray to be received and was entitled to be made a defendant; and so was the reversioner where the action was brought against the tenant for life (Park. 285). And in the present case we think the owner might by analogy have been let in as a defendant. And the tenant of the freehold in the action of dower without *Page 207 
praying to be received as a defendant might falsify the judgment against the tenant for years (Park. 285). If the widow chooses to proceed in this way instead of applying in the first instance to have her dower admeasured the occupant of the land can not complain. It is of no consequence to him whether the tenant of the freehold be bound or not. The inconvenience and disadvantage of proceeding as in this case against the temporary occupant, falls chiefly on the widow herself, whose judgment binds at most only the tenant for years.
If the court in which the ejectment for dower is brought has the power in a case like the present to make the tenant of the freehold a party to the proceeding for admeasurement under the 55th section of the statute (2 R.S. 311), the power would not be exercised, unless upon the condition that he be first let in as a defendant in the ejectment to contest the widow's right to dower. In no event therefore can the tenant of the freehold be prejudiced by recovery in ejectment against the temporary occupant.
The point on which this case turns appears to have been deliberately decided in the case of Sherwood v. Vandenburgh,
before cited, and we think (although with some doubt and hesitation) that it was correctly decided in pursuance of the peremptory provisions of the statute of ejectment. This hesitation arises in some degree from the 23d section of the statute (2 R.S. 306), which provides that upon the general issue in ejectment the defendant may give in evidence any matter which if pleaded in a writ of right or an action of dower would have barred the action of the plaintiff. In the old action of dower the defendant might have set up as a defence that he was not tenant of the freehold. But that defence came in under the plea of non tenure (1 Cow. 180, 3 Wend. 340). But nontenure was a plea in abatement and not a plea in bar (6 Com.Dig. 210, tit. Pleader, 2 y. 4). It concludes with a prayer that the writ may be quashed. The 23d section applies only to what may be pleaded in bar, and does not therefore give to the defendant the benefit of this defence in the action of ejectment. This must have been the reason why that section of the statute *Page 208 
was not referred to either in Shaver v. M'Graw or inSherwood v. Vandenburgh.
When the owner of the fee of the freehold is in possession the widow may bring her ejectment for the trial of the right, in the first instance, before admeasurement. But when the occupant has only a temporary right of possession it would be more advisable for the widow to have her dower admeasured under the statute (2R.S. 488), before she brings ejectment. The tenant of the freehold is a proper and necessary party to the admeasurement in that case; and he may afterwards be made a party to the ejectment (2 R.S. 341-2; 3 Rev. Stat. 2d ed. 717; Revisers' note). This view of the statutes gives to the widow a remedy in all cases where she has a right; and to the owner of the land an opportunity of making his defence if the claim to dower is not well founded.