## STEWART v. SMITH.

March, 1864.

Modifying 39 *Barb*. 167.

Where a widow, having recovered in an action of ejectment for dower, applies to have her dower admeasured, notice to all owners of the freehold is not essential.

The case is governed by 2 *R. S.* 303, 312, §§ 55, 57, and not by 2 *R. S.* 488, § 2; and notice to the attorney of the parties to the action, is sufficient.

Where dower was to be assigned in a building used as a dwelling-house and store, and the commissioners set it off by running lines through the premises, regardless of rooms, closets, passage-ways, &c., so as to render a portion of the building useless,—*Held*, that the report of the commissioners could be vacated, on motion of the owners of the property.*

Mary Stewart, claiming dower as widow of William Stewart, deceased, having recovered judgment in an action in the nature of ejectment against Andrew Smith and others, subsequently obtained an order appointing commissioners to admeasure her dower. On the coming in of the report of the commissioners, the report was vacated, and an appeal taken.

*The supreme court*, on this appeal, affirmed the order vacating it, upon the ground that notice of the application for the appointment of commissioners had not been given to all the owners of the land claiming a freehold interest therein, as required by 2 *R. S.* 488, § 2. The court were also of opinion that the commissioners erred in the method of assigning dower, which was by dividing the property by lines that ran regardless of rooms, closets, passage-ways, &c., rendering a portion of the building almost useless. Reported in 39 *Barb*. 167.

The plaintiff appealed to this court.

---

* By subsequent legislation, the dowress may be compelled to receive an annual sum. 2 *R. S.* 489, as amended by *L.* 1869, c. 433. Or the court may order a sale to pay her a gross sum if she will accept it. *L.* 1870, c. 717.

*George W. Stevens,* for plaintiff, appellant.

*John H. Reynolds,* for defendants, respondents.

BY THE COURT.—HOGEBOOM, J. [After questioning the appealable character of the order, a point not passed on by the court.]—I think the supreme court were in error in supposing that, in a case like this, notice of the proceedings to admeasure dower was necessary to be given to the owners of the land claiming a freehold estate therein. This is not an original proceeding in this court for the appointment of admeasurers of dower (2 *R. S.* 488), but a mere supplement to an action of ejectment in which the plaintiff has already succeeded in establishing her right to dower. The case is, therefore, governed by the provisions of section 55 of that title of the Revised Statutes which treats of the action of ejectment (2 *R. S.* 303, 311, 312, §§ 55, 57), and not by the title before quoted:

It is reasonably clear that this section contemplated a proceeding by, and notice only to, the parties to the action. It is but the sequel to the action of ejectment. It declares that upon the filing of the record of judgment, the court, upon the motion of the *plaintiff,* shall appoint commissioners to admeasure the dower; and that their report may be appealed from by any *party to the action.*

And although the section declares that the commissioners shall have like powers and obligations and proceed in like manner as commissioners appointed pursuant to title 7 chapter 8 of the act (being the title before quoted), this does not, I think, mean that their appointment shall be *procured* upon a similar notice. The parties are in court who are to be affected by the assignment of dower. The statute requires the ejectment proceedings to be against the party in possession, but if he be a mere tenant, he is obliged by law to give notice of the action to his landlord, and he is subjected to a heavy forfeiture if he do not. 1 *R. S.* 748, § 27. The landlord may be let in to defend. 2 *Id.* 342, § 17. He usually does so. He did so in this case, as is sworn to in the papers on the part of the defendant. The attorney in the suit, therefore, to whom notice is given is his attorney, and he has had opportunity to defend both the

ejectment suit and the subsequent proceedings to admeasure dower.

It has also been held, or at least, intimated, in a reported case in this court, that in these proceedings notice is not necessary to any one except the party to the action. Ellicott v. Motier, 7 N. Y. 201, 206.

But, although the supreme court set aside the report mainly upon this ground, it appears from the opinion of the court at general term, that they affirmed the order of the special term in part, upon the ground that the report was wrong upon the *merits*, or in regard to the *mode* of admeasurement. They say: "We think, also, the commissioners erred in assigning the dower so as to render the buildings almost useless to both parties." We may conclude that the court at special term was influenced by like considerations. They had the statutory right to set aside the report on this ground (2 R. S. 490, 491, § 16), and if we have the right to review that question on this appeal, I am of opinion that the power was judiciously exercised, and that the mode of assigning the dower was inequitable and injurious, and could have been performed, within the principle of the reported cases (White v. Story, 2 Hill, 543; Coates v. Cheever, 1 Cow. 460, 463), in a much more just and judicious manner. On that ground I am inclined to affirm the substance of the order.

If the order appealed from had been simply an affirmance of the order at special term, that would have been all which it would have been necessary to say. But the court, acting, doubtless, upon the idea that the proceedings were fatally defective unless notice was served upon the owners of the freehold, annexed this clause to the order of affirmance: "and that the proceedings be dismissed unless the petitioner elects to amend within ten days from the entry of this order." I think this clause was erroneously inserted, and that so much of the order appealed from should be reversed, and the residue affirmed.

As both parties are in fault, I think neither should recover costs against the other on this appeal.

All the judges concurred.

Order reversed, so far as it provided for amendment and dismissal in default thereof, and in other respects affirmed, without costs.