SARAH M. DRAPER, RESPONDENT, *v.* CLARISSA DRAPER, IMPLEADED WITH SOPHRONIA FORD AND OTHERS, APPELLANT.

*Dower — action for — when complaint sufficient.*

In an action of ejectment for dower, the plaintiff alleged that one Draper was at the time of his death, and for many years prior thereto had been her husband; that he died May 31, 1874; that at the time of his decease he was, and for many years had been, seized in fee simple of the premises described in the complaint; that she was entitled to an undivided one-third thereof for life, as her reasonable dower; and that the defendant was in the actual possession of the land, and wrongfully withheld the same from her. *Held,* that the complaint set forth a good cause of action, and that a demurrer thereto was properly overruled.

APPEAL from an order made at a Special Term overruling a demurrer, interposed to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.

*Waters & Knox,* for the appellant.

*King & Montgomery,* for the respondent.

BOCKES, J. :

This is an appeal from an order of the Special Term overruling a demurrer to the complaint. The action is ejectment for dower.

The plaintiff avers (1) that Thomas W. Draper was her husband at the time of his decease, and for many years next prior thereto, and that he died May 31, 1874; (2) that at the time of his decease, and for many years prior thereto, he was seized in fee simple and possessed of the lands and premises described in the complaint; (3) that she is entitled to one undivided third part of such premises for her life as her reasonable dower; and (4) that the defendant Clarissa Draper is in the actual possession of the premises and wrongfully withholds from her the possession of said third part claimed as her dower.

There is another averment, to wit, that the other defendants named claim an estate in fee in the premises as heirs-at-law of said Thomas, deceased. But this averment is of no importance on this demurrer, which is interposed by Clarissa alone.

The question is simply whether facts are averred sufficient to constitute a cause of action against Clarissa, who alone demurs.

I am at a loss to see how or in what respect the complaint is defective as a complaint in ejectment for dower. If the facts averred be admitted or proved the plaintiff's right of recovery seems well established. She avers that Thomas W. Draper was her husband at the time of his death, and had been her husband for many years next prior thereto; that he died in 1874; that at the time of his death and for many years prior thereto he was seized in fee simple and possessed of the premises in controversy; that the defendant, Clarissa, was in their actual occupation, and wrongfully withheld from her the possession of her dower therein. These facts, if they exist, give the plaintiff an undoubted cause of action. The right to maintain ejectment for dower is given by statute, and the action must be against the actual occupant (*Ellicott* v. *Mosier*, 7 N. Y., 201), and there must have been seizin in the husband during coverture. (*Poor* v. *Horton*, 15 Barb., 485, 486.) About all this there can be, of course, no dispute. But it is said that the plaintiff should have averred a lawful marriage between herself and the deceased. She averred that the deceased was her husband, which could only be proved by showing a lawful marriage; hence the averment made was an equivalent for that insisted on; or rather was but another mode of averring the same fact; and so also as to the claim that there is no averment that the plaintiff is the widow of the deceased.

This would necessarily follow from an admission or on proof of the facts averred. So, too, proof of the facts averred would show the plaintiff *possessed*, that is, seized in law of her dower in the premises. The complaint was, therefore, sufficient in this regard. (*Ensign* v. *Sherman*, 14 How., 439; *The People* v. *The Mayor*, 28 Barb., 240, on page 247; *Walter* v. *Lockwood*, 23 Barb, 228; *Sanders* v. *Leavy*, 16 How. 308.) And, indeed, it may be said of every objection that can be urged against the sufficiency of the complaint that if the facts averred be admitted or proved, a clear right of action in the plaintiff would be established. Nor was it necessary to aver that the husband died intestate; the presumption is in favor of intestacy; and any matter that would bar dower was matter of defense to be interposed by answer.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs, printing and disbursements.