SARAH B. AIKMAN, Respondent, *v.* BLAIZE L. HARSELL et al., as Trustees, etc., et al., Appellants.

Before assignment of dower, a widow has no estate in the lands of her husband; her right is a mere *chose in action.*

The receipt by the widow of one-third of the rent of the real estate, in lieu of dower, for several years after the death of her husband, does not constitute an assignment of dower, or bar her action therefor.

To constitute an assignment of dower, by agreement or specific act of the widow, it should be clearly manifest that such was the intention.

B. died intestate in 1849, seized of certain lands, and leaving a widow and two children. In 1855, the widow joined with her children in a lease of the premises for five years. J., one of the children, who was plaintiff's hus-

band died in 1859; he collected the rent under the lease up to his death, and plaintiff after that time. After the expiration of the lease, the surviving child executed leases in her own name up to her death in 1866. She left a will devising her real estate to trustees ; these joined with the widow of B. and plaintiff in leases for terms not exceeding two years, by which three-ninths of the rent was made payable to the trustees, five-ninths to B.'s widow, and one-ninth to plaintiff. B.'s widow died in 1878. In an action thereafter brought for the admeasurement of plaintiff's dower, *held,* that the facts did not show an assignment of dower either to the widow of B., or to the plaintiff, and did not constitute a bar ; and that plaintiff was entitled to dower in one-half of the real estate.

(Argued January 21, 1885 ; decided February 10, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 25, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Mem. of decision below, 31 Hun, 634.)

This was an action for the admeasurement of dower.

William D. Blackwell died intestate in 1848, seized of the premises described in the complaint, leaving a widow and two children ; Joseph, the first husband of the plaintiff, and Letitia A., the wife of Peter Poillon, Jr. Joseph died in 1859, intestate and without issue, leaving plaintiff, his widow, him surviving. Letitia died in 1866, leaving a will by which she devised her real estate to certain trustees therein named. The widow of William D. Blackwell died in 1878. This action was commenced in 1878 ; plaintiff claimed a dower right in one-half of the premises, which claim was allowed.

Further facts appear in the opinion.

*Sidney S. Harris* for appellants. The estate of a widow as a tenant in dower is not to be affected by any of the provisions of the statutes of descent. (3 R. S. [5th ed.], § 21.) Letitia A. Blackwell having received and accepted one-third of the net rents and income of the premises described in the complaint from the death of her husband, in 1849, until her own death, in 1878, as her dower in said premises, this was, in effect, an assignment of dower *in pais.* (4 Kent, 63, 69 ;

*White* v. *Story*, 2 Hill, 547; Perkins on Dower, §§ 406, 342; *Ellicott* v. *Mosier*, 11 Barb. 579; *Van Gelder* v. *Post*, 2 Edw. Ch. 579; *Kyle* v. *Kyle*, 67 N. Y. 404.) Where the widow takes a proportionate share of the rents of the property as her dower the agreement will be regarded as an assignment of dower. (Tyler on Coverture, 631, 641; *Bickly* v. *Bickly*, Anderson, 287; *Hagan* v. *Fry*, Cro. Eliz. 310; *Denfers* v. *Henley*, 73 Ill. 405; 2 Scribner on Dower, 77, 238; *McLaughlin* v. *Laughlin*, 20 N. J. Eq. 190.) The dower of Mrs. Blackwell being, in effect, assigned to her by her acceptance of one-third of the rents during her life, Joseph Blackwell, the plaintiff's husband, had simply a reversion in fee, expectant upon an estate for life, and the plaintiff could not, therefore, be endowed. (*Durando* v. *Durando*, 23 N. Y. 331; 1 Wash. on Real Prop. 209, 210; *In re Cregier*, 1 Barb. Ch. 598.) The plaintiff is estopped from making claim to any other share of the rents than she agreed to accept, and actually accepted, under an express or implied agreement, at all times from 1866 to the execution of the agreements. (*Jones* v. *Powell*, 6 Johns. Ch. 194; *Hale* v. *James*, id. 258; 2 Scribner on Dower, 238; 1 Wash. on Real Prop. 257, 258; *Jones* v. *Brewer*, 1 Pick. 314; 1 Bright on Husb. and Wife, 379; 1 Cruise on Real Property, 170; *Lawrence* v. *Lawrence*, 2 Verm. 256; Coke on Littleton, title Dower, 36, note 1.)

*Geo. C. Blanke* for respondent. Until dower is actually assigned and admeasured, it is nothing more than a chose in action. (*Lawrence* v. *Miller*, 2 Comst. 245; *Moore* v. *Mayor*, etc., 4 Seld. 113; *Jackson* v. *Aspell*, 20 Johns. 411; 4 Kent's Com. 61, marg.; 2 Scribner on Dower [2d ed.], 27, note on p. 30; *Jackson* v. *O'Donaghy*, 7 Johns. 247.) The acceptance by the plaintiff, and by Mrs. Blackwell, of a portion of the rents arising from various leases executed by the original trustees and themselves, of parts of the real estate for short terms of years, does not amount to an assignment of dower. (1 Coke on Littleton, 612 [34 *b*]; 2 Scribner on Dower [2d ed.], 83, 85, 253; 1 Wash. on Real Prop. [4th ed.] 273, 274; *Ellicott* v.

*Mosier*, 11 Barb. 574 ; affirmed, Ct. App. 3 Seld. 201; 1 Scribner on Dower [2d ed.], 283; 4 Kent's Com., marg. p. 204 ; *Bennett* v. *Garlock*, 10 Hun, 328.) The rule that dower ought not to be sought for out of dower " *dos de dote peti non debet*," does not interfere with the claim of the plaintiff in this action. (1 Scribner on Dower [2d ed.], 236, § 11 ; 329, § 16 ; *Bear* v. *Snyder*, 11 Wend. 592.) Whatever claim for dower Mrs. L. A. Blackwell had in her son's moiety of these premises became merged and extinguished on his death, in August, 1859, and therefore does not interfere with plaintiff's right to dower in the whole moiety. ( *Wade* v. *Miller*, L. R., 3 N. J. 296 ; 2 Scribner on Dower [2d ed.], 259, § 17 ; *Jenkins* v. *Van Schaick*, 3 Paige, 242 ; *Harris* v. *Fly*, 7 id. 421 ; *Mixon* v. *Coffield*, 2 Iredell [N. C.], 301 ; 4 Kent's Com., marg. pp. 101, 102 ; 1 Wash. on Real Prop. [4th ed.] 260, § 30.) The appellants are estopped from disputing plaintiff's claim for dower in these premises. ( *Wells* v. *Chapman*, 9 Paige, 561; 13 Barb. 561 ; 5 id. 130; *Freeman* v. *Auld*, 44 N. Y. 50 ; *Lyon* v. *Adde*, 63 Barb. 98.)

MILLER, J. The extent of the right of the plaintiff to dower in the real estate owned by her husband at the time of his decease depends upon the fact whether dower had been set apart and admeasured to Letitia A. Blackwell as the widow of William Drayton Blackwell, deceased, the father of Joseph Blackwell, plaintiff's husband.

Upon the death of William Drayton Blackwell, Joseph and his sister, Mrs. Poillon, became entitled to an undivided one-half each of his estate, subject to the right of dower of their mother. At the death of Joseph, in 1859, his mother, if dower had not been assigned to and accepted by her, was entitled to a life estate, subject to the dower of plaintiff, his widow, in his undivided one-half of the real estate, and his sister to the reversion, and the question now presented is, whether the mother at this time had, by admeasurement or otherwise, become entitled to a distinct portion of her husband's estate as dower, which precluded her from taking by descent, under the statute of this State, an entire undivided interest for life in the real

estate left by her son Joseph Blackwell. It is claimed by the appellant's counsel that Letitia A. Blackwell received and accepted one-third of the net rents and income of the premises described in the complaint from the death of her husband in 1849, until her own death in 1878, as her dower in said premises, and that this was in effect an assignment of dower.

It appears from the evidence that in 1855, Letitia A. Blackwell joined in a lease with her son Joseph and her daughter Mrs. Poillon, of the property above named for a term of five years, the precise terms of which lease are not stated, but that Joseph collected the rent under the same until his death, and his wife after that time. Thereafter Mrs. Poillon assumed full charge of the whole property and executed leases thereof in her own name as lessor until her death in 1866. When she died she left a last will and testament appointing trustees to whom she devised her estate, and such trustees with Mrs. Letitia A. Blackwell and the plaintiff, as lessors, at the expiration of the term of the leases given by Mrs. Poillon, executed new leases for terms not exceeding two years at a time, and by the terms of two of these leases rent was made payable as follows: three-ninths to the said trustees, five-ninths to Mrs. Letitia A. Blackwell, and one-ninth to the plaintiff; the other leases did not state what portion of the rents each was to receive. It was stated by Mr. Poillon, one of the trustees at the time, that the object of drawing the leases in this form was to protect himself so that he would not be called on, as trustee for Mrs. Poillon's estate, to account for the whole rent. It will be observed that the first lease did not fix the amount to be paid to either of the lessors; that all the other leases were for very short terms, and only two of them stated in what manner the rents were to be divided. None of them amounted to an assignment or admeasurement of the dower of Mrs. Letitia A. Blackwell. The precise purpose for which she joined in the first lease is not apparent, and it is not shown that she ever received any of the rents arising from the same. The leases executed by Mrs. Poillon did not show that Mrs. Blackwell or the plaintiff had any interest whatever in the

premises leased. These instruments, whether taken separately or together, did not constitute an assignment of the dower of Mrs. Blackwell in her husband's estate. The leases executed after Mrs. Poillon's death, being only for a brief period, could not well be regarded as an assignment of dower or an agreement in regard to the same which established Mrs. Blackwell's interest in the premises. The law does not recognize any such agreement as a valid assignment of the right of dower.

The right of a widow to dower, until it is assigned, is a mere *chose in action* which is not the subject of a sale upon execution at law, and before assignment or admeasurement is only a claim. (*Lawrence* v. *Miller*, 2 N. Y. 245; *Moore* v. *Mayor, etc.*, 8 id. 110, 113.) It is laid down in Coke on Littleton (Vol. 1, p. 612) that " to bar dower the grant must be in fee tail or for the term of her life ; an estate for one hundred or one thousand years, if she so long live, is no bar of dower, albeit they be expressly made in lieu of dower." In *Ellicott* v. *Mosier* (7 N. Y. 201) it is held that the receipt of rent by the widow for several years after the death of her husband in lieu of dower, of one-third of the rent of lands leased by him, will not bar her action for dower. (See, also, 2 Scribner on Dower [2d ed.], 83, 85, 253; and 1 Wash. on Real Prop. [4th ed.] 274.)

The fact that the two years leases together continued for several years prior to and at the death of Mrs. Blackwell does not avoid the effect of the authorities cited. They were only a temporary arrangement and did not purport, upon their face or otherwise, to assign any right of dower absolutely during the lives of the persons entitled thereto. Only two of them provided for a division of the rents, the others being indefinite and uncertain in this respect. They only provided for a term for years, which is a chattel interest and not for a term for life, which is a freehold.

That this division was not intended to be an admeasurement for life is apparent from the fact that the leases executed after the two which provided for a division of the rents contained no such clause, and hence made an entirely different agreement as to the rents. It may be added that all the prem-

ises were not embraced in the leases and some portions were unoccupied at the time of Mrs. Blackwell's death, and that as to these there was no agreement whatever to pay Mrs. Blackwell any part of the rents up to the time of her death.

The learned counsel for the appellants cites several authorities to sustain his position to the effect that where the property is not divisible, the person entitled to dower may take a portion of the avails or the use of the same for a proportionate period. These cases have no application where it does not appear that an agreement was made for this purpose, or the dower duly assigned according to law. To constitute an assignment or admeasurement of dower by virtue of any agreement or any specific act of the party, it should be clearly manifest that such was the intention. It cannot be established by evidence of leases executed for brief periods, some of which do not specify the precise rights of the parties, and which the evidence shows were not executed with the view of admeasuring any right of dower.

In view of the facts presented it is quite obvious that the dower right of Mrs. Blackwell, or of the plaintiff, was never admeasured according to law, and that no act was done or instrument executed by either of them which precluded them from enforcing their rights in this respect. It follows from the consideration which we have given to the question discussed, that at the time of Joseph Blackwell's death Mrs. Blackwell, his mother, became entitled to a life estate in the one undivided one-half of the premises of which he died seized subject to the dower right of the plaintiff.

Whether the dower right of Mrs. Blackwell, in the undivided real estate of her son, became merged in the life estate of which she became seized upon his death, or was extinguished by the inheritance of his interest is not important, for in either contingency the plaintiff, having done no act which precluded her from maintaining her rights, was entitled to her right of dower in the same.

The principle of estoppel has no application to the facts presented in this case.

We have examined the other points made by the appellants' counsel, and we do not find in any of them any ground of error in the rulings of the trial court.

The judgment should be affirmed.

All concur.

Judgment affirmed.