MARIE A. WITTHAUS, Appellant and Respondent, *v.* FREDERICK C. C. SCHACK, Appellant and Respondent.

A wife has no estate in the lands of her husband during his life which she can convey; her inchoate right of dower is but a contingent claim, incapable of transfer by grant or conveyance, but susceptible only, during its inchoate state, of extinguishment.

Such an extinguishment can only be effected by a proper conveyance to the grantee of the husband.

Where, therefore, the wife joins with her husband in a deed of his lands, this does not constitute her a grantor of the premises, or vest in the grantee any greater or other estate than such as he derives from the conveyance of the husband.

Accordingly *held*, in an action by a widow, who had joined with her husband in a deed of his real estate, brought against the grantee to amend the deed on the ground of fraud, so far as it affected her right of dower, that defendant derived his title " through, from and under," the husband within the meaning of section 829 of the Code of Civil Procedure; and that plaintiff was not a competent witness as to personal transactions with the decedent.

The authorities upon the subject of the nature and characteristics of dower right collated.

*Witthaus* v. *Shack* (38 Hun, 590), reversed.

(Argued March 16, 1887; decided April 19, 1887.)

THESE are cross appeals from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 25, 1884, which affirmed a judgment in favor of plaintiff entered upon a decision of the court, and affirmed. various orders. (Reported below, 38 Hun, 950.)

The nature of the action and the facts, so far as material, are stated in the complaint.

*John E. Burrill* for plaintiff.   The plaintiff was not an incompetent witness under section 829 of the Code, because the title or interest to be affected by the action was not derived by defendant from plaintiff's husband but from plaintiff. (*Cary* v. *White*, 59 N. Y. 336–341; *Simar* v. *Canaday*, 53 id. 305; *Mills* v. *Van Voorhis*, 20 id 412; *Lawrence* v. *Brown*, 5 id. 349; *Wilkinson* v. *Bush*, 3 Paige, 653.)   The inchoate right of dower of the wife is as much entitled to protection as the perfected or vested right of the widow.   (*Mills* v. *Van Voorhis*, 20 N. Y. 412; *Matthews* v. *Duryea*, 43 id. 525.)  Such inchoate right is a subsisting and valuable interest to protect and preserve which she has a right of action.   (1 Story Eq. Jur. § 656; *Jackson* v. *Edwards*, 7 Paige, 408; *Ripple* v. *Gilborn*, 8 How. 456; *Simar* v. *Canaday*, 53 N. Y. 305.)   The plaintiff's cause of action was complete when she established that the deed had been executed by her under a mistake of fact induced by fraud.   (*Gillespie* v. *Moon*, 2 Johns. Ch. 585; *Sears* v. *Shafer*, 6 N. Y. 268; *Whelan* v. *Whelan*, 3 Cow. 537, 577; *Huguenin* v. *Basely*, 14 Ves. Jr. 289; *Bennett* v. *Judson*, 21 N. Y. 238.)   The defendant is not a purchaser for value and therefore has no superior equities to the plaintiffs.   (*Ray* v. *Birdseye*, 5 Den. 619, 625, 626; *Cary* v. *White*, 52 N. Y. 139; *De Lancy* v. *Stearns*, 66 id. 157; *Weaver* v. *Barden*, 49 id. 286; *Wood* v. *Robinson*, 22 id. 564; *Dickerson* v. *Tillinghast*, 4 Paige, 216.)   The deed was not accepted by the defendant in satisfaction of his debt, and by joining in it he did not waive any right of action which he had against the grantor, Witthaus. (*Day* v. *Leal*, 14 Johns. 404; *Ainslie* v. *Wilson*, 7 Cow. 662; *Cary* v. *White*, 52 N. Y. 139.)   The grantee of real estate is not estopped to deny that his grantor had title to all he assumed to convey.   (*Averill* v. *Wilson*, 4 Barb. 180, 184–186; *Lawrence* v. *Brown*, 5 N. Y. 394, 403; *Kellogg* v. *Ames*, 41 id. 264; *Carpenter* v. *Stilwell*, 11 id. 61, 73.)

*Lewis Sanders* for defendant.    The plaintiff was an incompetent witness as to personal transaction with her deceased husband. (*Simar* v. *Canaday*, 53 N. Y. 305; *Sanford* v. *Ellithorp*, 95 id. 48, 51; 1 Greenl. Cruise on R. Prop., 151, § 1; id. 172; *Ins. Co.* v. *Nelson*, 103 U. S. 544–548; *Howland* v. *Blake*, 97 id. 626, 627; *Russell* v. *Bap. T. Un.*, 73 Ill. 337; *Coburn* v. *Anderson*, Daily Reg., Oct. 10., 1881; *Miner* v. *Bradley*, 22 Pick. 457; *Clarke* v. *Dickson*, El. Bl. & El. 154; *Mason* v. *Bovet*, 1 Denio, 73; Chitty on Cont. 408, 409, [Am. ed.] of 1842; *Campbell* v. *Fleming*, 1 Ad. & Ell. 42.)    The plaintiff is estopped by her subsequent acquiescence.    (*Minor* v. *Bradley*, 22 Pick. 457; *Clarke* v. *Dickson*, El. Bl. & El. 154; Chitty on Cont. 408, 409 [Am. ed.], 1842; *Campbell* v. *Flemming*, 1 Ad. & Ells. 42; *Kinney* v. *Kiernan*, 49 N. Y. 168; *Rodman* v. *Clark*, 46 id. 357; *Morris* v. *Rexford*, 18 id. 552; *Selway* v. *Fogg*, 5 M. & W. 86; *Cobb* v. *Hatfield*, 46 N. Y. 536; *Mason* v. *Bovet*, 1 Denio, 69; *Lindley* v. *Furguson*, 49 N. Y. 625, 626; *Dubois* v. *Hermann*, 56 id. 673; *Pullman* v. *Alley*, 53 id. 637.)    Plaintiff is estopped by acts done by defendant in reliance upon plaintiff's acts. (*Chapman* v. *Rose*, 56 N. Y. 137; *Breeze* v. *U. S. Tel. Co.*, 48 id. 139; Bigelow on Est. [3d ed.] 578; *Rapalee* v. *Stewart*, 27 N. Y. 316; *Cont. Nat. B'k* v. *Nat. B'k of Commerce*, 50 id. 585; *Knights* v. *Wiffen*, L. R., 5 Q. B. 660; 1 Chitty on Cont. 11 [Am. ed.] 29.)    The title of a *bona fide* purchaser for value is not affected by fraud. (Kerr on Fraud and Mistake [1st Am. ed.], 312.)    Plaintiff cannot be allowed to take under and against the same instrument. (*Mosely* v. *Ward*, 29 Beav. 407; *Anderson* v. *Abbott*, 23 id. 461; *Coddington* v. *Lindsay*, 8 Chan. App. Cas. 578, 589.)

RUGER, Ch. J.    This action was brought by the plaintiff as the widow of Rudolph A. Witthaus, to cancel and annul a deed of several parcels of land in the city of New York, so far as it affected her right of dower in the parcels lying below Fifty-ninth street, upon the ground that her signature thereto

had been obtained by false and fraudulent representations of her husband.

The proof showed that on December 23, 1876, Rudolf A. Witthaus and the plaintiff, executed and duly acknowledged a deed of ten separate parcels of real estate situate in the city of New York, lying partly above and partly below Fifty-ninth street, to Frederick Schack, the defendant, in fee to secure the payment of certain debts owing by Witthaus, to the several persons named in the deed. It was stated therein that it was upon trust to sell and convey the land, to produce the best price that could be realized from the same, and apply the moneys realized, to the payment of said debts, *pro rata* according to their respective amounts. The proof further showed that the deed was delivered to the defendant on the same day, and he immediately entered upon the possession of the property, and continued to sell, convey and rent the same until the commencement of this action in January, 1879. Rudolf A. Witthaus died by his own hand March 19, 1877.

Upon the trial the plaintiff was herself, offered as a witness to prove the fraudulent representations alleged, and upon the faith of which, she claims that she was induced to sign and acknowledge the deed in question. Upon being asked to relate the conversation occurring between herself and her husband in which the representations occurred, the defendant's counsel objected to the competency of her evidence, upon the ground that it constituted a personal communication between the defendant's deceased grantor, and the witness which was inadmissible under the Code. The objection was overruled and the defendant excepted. The witness thereupon gave evidence tending to show, that on the morning of December twenty-third her husband requested her to join him in a deed of so much of his property in the city of New York as was situated north of Fifty-ninth street, to Schack, the defendant, for the purpose of securing several persons to whom he was indebted. She assented to this proposition, and further testified that when later in the day the deed was presented to her for execution and acknowledgment, her husband

said that it was prepared in accordance with the agreement made between them in the morning. The evidence thus given by the plaintiff was the only proof offered, as to the fraudulent representations alleged by the plaintiff.

The only question which we consider it necessary to discuss relates to the competency of this evidence under the Code of Civil Procedure. The provision of the Code, so far as it is applicable to the question in hand, may be abbreviated as follows:

"Section 829. Upon the trial of an action  * * * a party or person interested in the event  * * * shall not be examined as a witness in his own behalf or interest  * * * against  * * * a person deriving his title or interest *from, through or under* a deceased person by assignment or otherwise; concerning a personal transaction or communication between the witness and the deceased person." It is not disputed that the plaintiff is a party, and interested in the event of the action; or that the subject of the inquiry related to a personal communication between the deceased person and the witness, but it is claimed, as stated in respondent's points, that "the plaintiff was not an incompetent witness under section 829 of the Code, because the title or interest to be affected by the action was not derived by defendant *from plaintiff's husband*, but from plaintiff." The plaintiff thus seeks to stand upon the letter of the statute, and to claim exemption from its provisions by reason of the alleged creation of a contingent estate, intermediate the seizin of the husband and the execution of the deed, which it is claimed suspended the husband's title to a part of his property, and created a new estate, transferable only by a conveyance from the wife. The error in this proposition consists in the assumption, that the wife has an estate in the lands of her husband during his life, which she can convey to another.

The settled theory of the law as to the nature of an inchoate right of dower, is that it is not an estate or interest in land at all, but is a contingent claim arising not out of contract, but as an institution of law, constituting a mere chose in action

incapable of transfer by grant or conveyance, but susceptible only during its inchoate state, of extinguishment. By force of the statute this is effected by the act of the wife in joining with her husband in the execution of a deed of the land. Such deed, so far as the wife is concerned, operates as a release or satisfaction of the interest and not as a conveyance, and removes an incumbrance instead of transferring an interest or estate. Her right may also be forfeited by her adultery, or extinguished and barred by jointure or pecuniary provision. It was said by Judge Gardiner in *Lawrence* v. *Miller* (2 N. Y. 245) that "before assignment the widow has no estate in the lands of her husband; her right is a mere chose in action which cannot be sold upon execution at law; until that time it is strictly a claim." (Affirmed in *Lawrence* v. *Brown*, 5 N. Y. 394.) The same learned judge said in *Moore* v. *City of New York* (8 N. Y. 110, 112): "Before assignment of dower, the widow has no estate but a mere right in action, or claim which cannot be sold on execution (citing 2 N. Y. 254; Greenl. Cruise Dig. Tit. Dower, chap. 3, § 1; *Gooch* v. *Atkins*, 14 Mass. 378.) If this is the true character of the right of the widow prior to the assignment, that of a wife must be a right to a claim for dower, contingent upon her surviving her husband. Such a possibility may be released, but it is not, it is believed, the subject of grant or assignment, nor is it in any sense an interest in real estate." "The estate of the widow after assignment of dower is a continuation of the estate of her deceased husband."

It was held in *Marvin* v. *Smith* (46 N. Y. 571, 574), that "an inchoate right of dower may be released to the grantee of the husband, by a proper conveyance executed and acknowledged in the form prescribed by statute, but the right cannot be transferred to a stranger or to one to whom the wife does not stand in privity." It was further held that the husband having previously conveyed the premises upon certain specified trusts, that a mortgage upon the same, subsequently executed by the husband and wife, was ineffectual to

bar her right of dower, the court saying, "if, therefore, the husband had no interest which was subject to the mortgage and passed by means of it, the mortgagee took no title to the dower right. That could only be released by a deed of her husband conveying the estate to which it was incidental, in which she shall unite."

In *Elwood* v. *Klock* (13 Barb. 50), it was held where, "the widow of the first tenant releases her dower, before the same has been assigned to her, her release will operate, not as an assignment of dower to the widow, nor as a conveyance of it to the grantee, but as an extinguishment of her right of dower, and such release will not affect the right to dower of the widow of a subsequent grantee of the premises."

The case of *Elmendorf* v. *Lockwood* (57 N. Y. 322), seems in point upon the question in this case. In discussing the nature of the act of the wife in joining her husband in the execution of a deed, Earl, J., said: "When she has united in the conveyance her dower is said to be barred, relinquished, extinguished, removed. Such is the language of Kent, and other legal writers. Judge Willard, in his work on Real Estate (p. 61), says: 'The inchoate right to dower is, in this State, an incumbrance upon the estate of her husband which is usually removed by her uniting with him in the deed and acknowledging the execution thereof,' and (at p. 64): 'The object of uniting the wife with the husband in his conveyance of land to a third person, is to extinguish her inchoate right of dower.'" Continuing, Judge Earl further says: "When the wife unites with her husband in a conveyance properly executed by her, which is effectual and operative against her husband, and which is not superseded or set aside as against him or his grantee, her right of dower is forever barred and extinguished, for all purposes and as to all persons."

Dwight, Ch. J., writing in the same case and considering the nature of a fine in the English law, for which our system of private acknowledgments is a substitute, says: "A fine levied by a person who has no title but who afterward becomes heir, will be an estoppel to his claim as heir, and yet, a release

by deed would not have barred his title.    The principle seems
to be that the fine accompanies the estate and becomes a muni-
ment of title, and may be resorted to by any one who happens
to be in possession of the estate.    These views would prevail
in the case of dower while it is still inchoate.    The argument
would be yet stronger after the husband's death.    The estop-
pel would then work a transfer of the estate to the vendee
under the husband's conveyance.    (*Lampts' Case,* 10 Coke,
46 *b.; Helps* v. *Heneford,* 2 B. & A. 242.)"

It was also held in *Aikman* v. *Harsell* (98 N. Y. 186, 191),
that "the right of a widow to dower, until it is assigned, is a mere
chose in action which is not the subject of a sale upon execu
tion at law, and before assignment or admeasurement, is only
a claim."

So it is said by ANDREWS, J., in *Hinchliffe* v. *Shea* (103
N. Y. 153): " The joinder by a married woman with her hus
band in a deed, or mortgage, of his lands does not operate, as
to her, by way of passing an estate, but enures simply as a
release to the grantee of the husband, of her future contingent
right of dower in the granted or mortgaged premises, in aid
of the title or interest conveyed by his deed or mortgage.
Her release attends the title derived from the husband and
excludes her from afterwards claiming dower in the premises
as against the grantee or mortgagee, so long as there remains
a subsisting title or interest created by his conveyance."    (See
also *Sanford* v. *Ellithorp,* 95 N. Y. 48. 50.)

It would seem clear from the authorities that the act of the
wife in joining her husband in the execution of a deed of his
lands, does not constitute her a grantor of the premises, or
vest in the grantee any greater or other estate than such as
he derives from the conveyance of the husband.    Its effect
is merely to extinguish a contingent claim existing as a possible
incumbrance, and ceasing to exist by reason of the execution
of the husband's deed, and to be revived only by the subse-
quent cancellation or annulment of his conveyance.

It is also obvious that the grantee in such deed takes title
to the whole premises solely by virtue of the title and estate

of the husband, and therefore in the fullest sense derives his title "through, from and under" such grantor.

We are, therefore, of the opinion that the defendant took the title to the entire premises in dispute from Rudolph A. Witthaus, and that his wife was not a competent witness to testify to personal transactions and communications, occurring between herself and her husband in reference to such deed. The defendant is, therefore, within the letter as well as the spirit of section 829 of the Code.

It follows, as a matter of course from these views that the several appeals of the plaintiff from orders which constitute incidents to the judgment, must fall with the reversal of the judgment. Such appeals are, therefore, dismissed without costs to either party.

The judgment of the courts below should be reversed upon the defendant's appeal, and a new trial ordered, with costs to abide the event.

All concur.

Ordered accordingly.