## In re LENAHAN.

(*Supreme Court, Special Term, New York County.*　July, 1888.)

GUARDIAN AND WARD—ACCOUNTING—DOWER.

> The grandmother of infants was one of their general guardians, and was a dowress in land that had descended to them. She died without having her dower assigned, or claiming it. While living she resided on part of the property, collected rents from other parts, out of which she paid repairs, etc., on the premises, and supported the children and herself. On the accounting of the surviving guardian it appeared that there was a sum received by her of the rents of the ward's estate unaccounted for, which was less than she would have received as the value of her dower, and about the sum she expended for her support. *Held* that, though her dower was never assigned, it could be offset against the deficiency by the surviving guardian, and allowed to him in his account.

Trial before a referee.

The accounts of Michael Lenahan, surviving guardian of the infant children of William O'Brien, deceased, were filed, and referred to a referee, who filed the opinion given below, in which the facts fully appear.

LANGBEIN, Referee.　The only question presented on this accounting is one of some novelty and difficulty.　Michael O'Brien died March 13, 1884, seised and possessed of real property in this city, and leaving him surviving, his widow, Margaret O'Brien, and his son, William O'Brien.　William O'Brien died October 16, 1885, seised and possessed of real estate, and leaving him surviving, his mother, the said Margaret O'Brien, and the infant children above named, all of whom are still under the age of 14 years.　On November 21, 1885, Margaret O'Brien and Michael Lenahan were appointed the general guardians of the said children.　Mr. Lenahan allowed Mrs. O'Brien chiefly to manage the estate.　She lived in one of the houses, and used the rents, issues, and profits of the estate in the support of herself and her said grandchildren, until she died on December 16, 1886, 80 years of age.　The surviving guardian having petitioned the court to file his account, an order of reference was made February 1, 1887, to take and state it, and report to this court.　No inventory of the estate was ever filed until the reference had progressed to February 26, 1887, when an inventory and account were filed with the referee.　In this account, on the *contra* side, the guardian has the following item: "Less dower of Margaret O'Brien, $610.75;" and the contention has been whether this item should be allowed or not.　There is no proof that Margaret O'Brien ever expressed herself that she took this exact amount, or any amount, or the rents, issues, and profits, to herself, as or for her dower.　There is no proof of any assignment of dower, or an agreement of any kind expressed, to use the rents for her dower.　Being the widow and mother, she simply, as a matter of course, continued to live in the house, took the charge and care of it, and applied the rents in keeping the houses of the estate in repair, and in the support, maintenance, and education of the children, and the support of herself until she died.　In taking up the active charge of the estate, and care of the children's interest, Mr. Lenahan, it would seem, finds the estate short in the sum of $610.75, and proof has been introduced claiming that the widow spent some such sum out of the rents for her support since her husband's death, March 13, 1884.　Upon this proof it is contended that in equity such sum should be allowed to her, and deducted out of the estate on account of her dower, to which she was entitled, no assignment of which, however, had ever been made.

No reported cases have been found in our state in aid of this proposition. In the case of *McLaughlin* v. *McLaughlin*, 20 N. J. Eq. 190, no formal word or act was held to be necessary, where the guardian was also the dowress, and took the equivalent of dower.　Her acceptance of what she took was presumed to be acceptance of dower.　Then there are some old English cases

(*Hamilton* v. *Mohun*, 1 P. Wms. 118, citing *Osborne* v. *Chapman*, 2 Ch. Cas. 157, and *Graham* v. *Graham*, 1 Ves. Sr. 262) holding that the want of a formal assignment of dower in equity is nothing, for still the right in conscience is the same, and that it is most just in an accounting that a court of equity should, in the account, allow a third of the profits for the right of dower. In *Harper* v. *Archer*, 28 Miss. 212, a western case, it was held, though the widow died before the right to dower be established, equity will decree an account of the rents and profits in favor of her representatives. In *Steiger's Adm'r* v. *Hillen*, 5 Gill & J. 121, the representative of the widow was also allowed to recover her share of the rents, as dower, after her death. In *Paul's Ex'rs* v. *Paul*, 36 Pa. St. 270, it was decided: "In equity the personal representatives of a widow entitled to dower in the deceased husband's lands may have an account of the rents and profits thereof, although dower was not assigned in her life-time, and no proceedings were instituted for that purpose."

The special guardian appointed by this court to protect the interests of the infants on this accounting has zealously and faithfully performed his duty. He insists that dower was not assigned in fact or constructively, and therefore cannot be allowed on this accounting. This is true in some respects. Dower was not assigned, and will not be assigned, on this accounting. That is not the question. It is not a question of cold, strict law, but a question of equity, justice, and conscience, to-wit: The widow and deceased general guardian having supported herself out of the rents of the estate, in which she was entitled to dower, and the dower never having been admeasured or assigned to her in life-time, and her surviving general guardian now accounting for those rents, part of which she so used, should such sum in equity be allowed to him on account of her necessary expenditures, or the dower which was never assigned or admeasured? This is the question, stated fully and at large. It is not necessary in law that a widow's dower should be admeasured or assigned to her. It exists in her and in the estate just the same. Otherwise, simply because a widow does not get her dower admeasured or assigned to her, it ceases, and she loses it. The case of *Aikman* v. *Harsell*, 98 N. Y. 186, and at page 192, is not applicable to the question here. It holds that acceptance of rent, without any agreement as to the same, will not bar the widow from her statutory action to recover dower, and that to constitute an assignment or admeasurement of dower, by virtue of an agreement or any specific act of the party, it should be clearly manifest that such was the intention. There is no doubt that between the day of the death of her husband and her own death, a period of over two years and nine months, she spent a sum of money out of the rents for her support, larger than the sum put into the surviving guardian's account for her dower, and I think, in equity and good conscience, it should be allowed in the account, and that the surviving accounting guardian should not pay it out of his individual funds, which he would be compelled to do if such item were now disallowed. There is no question but that the widow was entitled to dower, and that she expended necessarily some such sum of money for her support out of the rents of the estate, in which, in law, she had dower by the death of her husband. This sum of money the surviving guardian cannot otherwise account for than that she so necessarily spent it, and the mere fact that he put it in the account as dower should not, in right and justice, be to his prejudice, much less to strike out the item as a charge in his favor. The sum of money which Margaret O'Brien was entitled to take or expend, in view of her acquired right to dower on her husband's death, was largely in excess of the sum charged to her name in the account; and therefore the item or sum expended, as a matter of fair dealing, good conscience, and equity, should be allowed.