In the Matter of a Controversy Existing Between WILLIAM DUNN and GEORGE HUETHER.

*Inchoate dower right — a chose in action — it cannot be extinguished by the committee of a lunatic — Code of Civil Procedure, secs. 2320-2340, 2348; R. S., pt. 2, chap. 1, tit. 3, sec. 16.*

An inchoate right of dower is a chose in action, not transferable, and can be extinguished only by the act of the wife in joining with her husband in a deed of the land.

The Code of Civil Procedure gives no express authority to the committee of a lunatic wife to execute any instrument which would extinguish this inchoate right of dower, and no such authority will be implied.

A controversy between William Dunn and George Huether submitted upon an agreed statement of facts without action.

The facts, as stated on the submission, were that on the 17th day of October, 1891, William Dunn entered into a written contract with George Huether, by which Dunn agreed to convey, and Huether agreed to purchase, a lot of land known as No. 276 Henry street, New York city, for the sum of $12,500, free and clear of all incumbrances. Said conveyance to be made by deed containing a general warranty and the usual full covenants. Upon

the execution of such contract, Huether paid to Dunn on account the sum of $500.

William Dunn is the owner in fee of said real estate. He is a married man, his wife, Catharine Dunn, living as an inmate in the Insane Retreat at Amityville, Long Island.

In proceedings regularly instituted in the Court of Common Pleas for the city and county of New York, said Catharine Dunn was duly adjudged a lunatic, incapable of managing her affairs, and her son, John J. Dunn, was, by an order of said court, duly and regularly obtained, appointed the committee of the person and estate of said lunatic. Said committee duly qualified and gave the bond required by law.

The committee of the lunatic wife instituted proceedings in the Court of Common Pleas for the city and county of New York, for leave to join with the husband of the lunatic in the sale of said property to Huether under said contract, and to convey the interest of the said lunatic wife, and release and extinguish the dower right of said lunatic wife in said real estate.

In that proceeding an order was made granting leave, and the committee duly executed the deed.

The purchaser, George Huether, refused to take the title offered by William Dunn, on the ground that the inchoate right of dower of the lunatic Catharine Dunn could not, through the means of proceedings under the Code to sell or convey the interest of lunatics in land, be conveyed, released or extinguished, and that the Court of Common Pleas could not authorize the committee of the lunatic, either in the name of the lunatic or otherwise, to convey or release such inchoate right of dower.

*B. J. Douras*, for Willam Dunn.

*Goldfogle & Cohn*, for George H. Huether.

INGRAHAM, J. :

By title 6 of article 4 of chapter 17 of the Code, sections 2320 to 2340, inclusive, this court is given the custody of the person and the care of the property of a person incompetent to manage himself or his affairs in consequence of lunacy, idiocy or habitual drunkenness, and in this city the Court of Common Pleas has concurrent jurisdic-

tion with this court, as to the custody of the person and the care of the property of such persons.

The power of the court, however, is limited by the provisions of this title, and there is no express authority given for the court or the committee appointed by the court to dispose of the property of the lunatic.

Section 2339 provides that the committee, either of the person or the property, is subject to the direction and control of the court by which he was appointed, with respect to the execution of his duties; but this direction and control cannot be construed to authorize the court to direct an extinguishment by the committee of the inchoate right of dower of the lunatic.

There is no express provision as to the powers of the committee when appointed, but by section 2321 the court must preserve the lunatic property from waste and destruction, and out of the proceeds must provide for the payment of his debts and for the safekeeping and maintenance and the education, when required, of an incompetent person and his family, and section 2339 provides that the committee of the property cannot alien, mortgage or otherwise dispose of real property, except to lease it for a term not exceeding five years, without the special direction of the court obtained upon proceedings taken for that purpose, as prescribed in title 7 of the chapter.

I do not think that the court is, by this title, given any power to divest a lunatic of her inchoate right of dower in her husband's property; none, certainly, is expressly given, and I do not think it is given by implication.

Section 2348 provides for the application to sell the real property of the lunatic, and authority is there given to the court to order the sale, conveyance, mortgage or lease of the real property or a term estate or other interest in real property belonging to the incompetent person.

It has been held in the case of *Witthaus* v. *Schack* (105 N. Y., 336), that an inchoate right of dower is not an interest in land at all, but is a contingent claim arising not out of contracts, but as an institution of law constituting a mere chose in action, incapable of transfer by grant or conveyance, but susceptible only during its inchoate state of extinguishment, and such extinguishment can only

be effected by the act of the wife in joining with her husband in the execution of a deed of land by force of the statute.

By section 16, chapter 1, title 3, part 2 of the Revised Statutes, it is provided that "no act, deed or conveyance executed or performed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law to pass the estates of married women, * * * shall prejudice the right of his wife to her dower or jointure, or preclude her from the recovery thereof if otherwise entitled thereto."

I think, therefore, that as this court, or the committee appointed by the court, is not directly authorized by statute to execute an instrument by which this inchoate right of dower shall be extinguished, and as the provision of the Code authorizing the sale of the lunatic's property does not include an inchoate right of dower, and as the provisions of the Revised Statutes before cited provide that no deed of the husband without the assent of the wife shall prejudice the right of the wife to her dower, or preclude her from the enforcement thereof, that the act of the committee in joining with the husband in executing a deed of the property in which the wife has such an inchoate right of dower, would not extinguish such right, and that in consequence thereof the deed tendered by the vendor would not pass a title in the grantee free from the wife's dower.

Huether is, therefore, entitled to judgment for the recovery of $500, with interest from October 17, 1891, together with the sum of $130, the amount agreed upon as the expenses for examining the title, and judgment should be ordered accordingly.

VAN BRUNT, P. J., and O'BRIEN, J.:·

The papers submitted do not conform to the provision of the statute in that no statement of facts is agreed to, and the submission is not in the form of an action, but as the questions have been examined, and we concur in the foregoing opinion, we have concluded so to decide the question.

Judgment directed for Huether for $500, with interest from October 17, 1891, together with $130, the amount agreed upon as the expenses for examining the title.