(14 Misc. Rep. 623.)

## JOHNSTON et al. v. DAHLGREN et al.

(Common Pleas of New York City and County, Special Term.    December, 1895.)

MECHANIC'S LIEN—INCHOATE DOWER—NOT WITHIN STATUTE.

A wife's inchoate right of dower is not subject to a mechanic's lien under Laws 1885, c. 342, § 1, providing for such lien to the extent of any right, title, or interest in real estate which may be sold under execution.

Action by James R. Johnston and others against John Vinton Dahlgren and Elizabeth Dahlgren to foreclose a mechanic's lien. The defendant Elizabeth Dahlgren demurs to the complaint for insufficiency.    Sustained.

Daniel P. Mahoney, for plaintiffs.

Abraham I. Elkus, for defendants.

BOOKSTAVER, J.    The defendant Elizabeth Dahlgren demurs to the complaint for insufficiency.    It is plain that no cause of action is stated against her, considered simply as the wife of the owner of the property against which the lien is sought to be foreclosed.    That a wife's inchoate right of dower is not made subject to a mechanic's lien is obvious from the language of the act, Laws 1885, c. 342.    Section 1 provides for a lien "to the extent of the right, title and interest at that time existing of such owner, whether owner in fee or of a less estate, or whether a lessee for a term of years, or vendee in possession under a contract existing at the time of the filing of said notice of lien, or of the owner of any right, title or interest in such estate which may be sold under an execution under the general provisions of the statutes in force in this state relating to liens of judgment and enforcement thereof."    An inchoate right of dower is not, according to the settled theory of the law, an estate or interest in land at all (Witthaus v. Schack, 105 N. Y. 332, 336, 11 N. E. 649), and obviously cannot be sold under an execution.    Even a widow's right of dower before assignment is not subject to such sale.    Aikman v. Harsell, 98 N. Y. 186, 191; Lawrence v. Miller, 2 N. Y. 245, 254; Moore v. Mayor, etc., 8 N. Y. 110, 113. This intention of the legislature not to affect an inchoate dower right, so apparent in the first section, is in some degree inferable from the fact that section 17 requires only prior incumbrancers who are mechanics' lienors to be made parties to the foreclosure proceeding.    In other jurisdictions it has been specially held that a wife's dower is not subject to a mechanic's lien.    Bishop v. Boyle, 9 Ind. 169; Gove v. Cather, 23 Ill. 634; Van Vronker v. Eastman, 7 Metc. (Mass.) 162; Mark v. Murphy, 76 Ind. 547.    The force of these cases as authorities depends chiefly, of course, upon the similarity of the statutes relating to dower and mechanics' liens in those states and in this; but some of the opinions, notably that in Bishop v. Boyle, point out the reasons independent of statutes why dower should be paramount to mechanics' liens:

"A wife's dower is a favorite of the law, not resting in contract, but resulting from the marriage relation.    *    *    *    Hers is the elder lien.    The

mechanic bestows his labor with knowledge of her prior right in the real estate, and he knows the house he is building, as brick is added to brick, and nail after nail is driven, becomes real estate. He can protect himself by security, or not venture. She is passive, and can do nothing."

But, although no cause of action is stated against the demurrant as wife simply, and in virtue of her inchoate dower right, is there, nevertheless, a cause made out against her by reason of her alleged agreement to pay for the improvements made upon the property? In this aspect, too, I think the complaint is defective. Upon that alleged promise, which was, so far as appears, made without any mention of a lien, she has a right to a trial by jury, and cannot be brought in as a defendant in an equitable action of foreclosure. From a perusal of the complaint, including the prayer for relief, it is fairly apparent that the theory of the pleader was to charge the demurrant only to the extent of cutting off her interest in the property against which the lien was filed, although it is now urged in support of the complaint that a cause of action is stated against her upon her independent promise to pay. There is an allegation of the "special instance and request" of the husband, but only of the "knowledge and consent" of the wife. The prayer for personal judgment for deficiency is against the husband only. It is also alleged that the notice of claim and lien specified the wife as well as the husband as owner, and the prayer for relief is that the defendants and all claiming under them be forever barred and foreclosed of all equity of redemption. I think, therefore, that so distinct an intention to affect the demurrant only to the extent of her interest in the property is shown that it cannot be held that the allegations that she agreed to pay for the services and materials, coupled with the general prayer for other and further relief, state a cause of action against her upon her promise to pay, and which would result in a personal judgment against her for the full amount. Justice requires that the specific portions of the complaint be regarded as controlling and giving character to the more general portions. Had it appeared, by any fair inference, from the face of the complaint, that an attempt was made to unite an equitable action to foreclose a lien, affecting all the defendants, with an action at law upon a contract, affecting only one of them, the demurrant would have been put upon her guard by a sufficient notice, and might have raised in her demurrer the question of misjoinder. Neither do I think that her promise in her character of wife to pay for the improvement can be regarded as creating a mechanic's lien upon her dower right. To say nothing of the strict compliance which the law exacts with respect to statutory provisions for barring or extinguishing this right, and the fact that such a promise is not one of these recognized statutory methods, the intention of the act, as evinced in section 1, above quoted, is too clear to allow any extension of the lien, by judicial construction, to cover dower right. It may be more just that a mechanic should have a lien where his material and labor have, at the wife's request and upon her promise to pay, gone to enhance the value of the property in which she has this contingent interest, and more in accordance with the present tendency to give a married

woman full control of whatever is hers, and more logical as being in analogy with her recognized power to charge her dower interest by uniting with her husband in a mortgage; but all these are considerations for the legislature in view of any amendments of the act. As it now reads, the lien extends only to estates or interests in the same which may be sold under execution, neither of which an inchoate dower right is, and that restriction binds me. The demurrer is therefore sustained, with liberty to amend the complaint, if so advised, within 20 days upon payment of costs.

Demurrer sustained, with leave to amend complaint.