EDWARD STREEVER, APPELLANT, *v.* BETSEY BIRCH, RESPONDENT.

*Civil damage act — action by the employer of an infant — loss of services is not an "injury" to "property."*

In an action brought under the civil damage act (Laws of 1873, chap. 646), it appeared that in January, 1890, the plaintiff made a verbal contract with a minor, aged seventeen, named Tappan, for his services, the plaintiff agreeing to provide Tappan with board, clothing, medical attendance and care in case of sickness, and to give him $100 when he became of age. While in the plaintiff's service Tappan, on December 25, 1890, became intoxicated at a hotel owned by the defendant, and known to her to be used for the sale of intoxicating liquors, and while thus intoxicated fell down in the road and was frozen. In pursuance of his agreement the plaintiff furnished medical attendance to Tappan, who was incapacitated for work for a period of two months.

The plaintiff thereafter brought an action to recover for loss of services and for expenses incurred; upon his opening on the trial of which the complaint was dismissed:

*Held,* that the plaintiff, the employer, was not, by the intoxication of Tappan, injured in his "property" within the meaning of section 1 of said act of 1873.

That the contract between plaintiff and Tappan, an infant, was not enforceable by the former upon the ground of necessaries furnished, for the reason that the doctrine of infancy does not apply to executory contracts.

That the rule that infancy is a defense, personal to the infant, had no application, there being in the case no question of a defense to a contract.

That the onus was upon the plaintiff to show that he had property in his agreement with Tappan and that it was injured.

That as an infant cannot be compelled to perform specifically his contract for services, the fact that plaintiff furnished Tappan necessaries did not make the contract binding or constitute it property.

APPEAL by the plaintiff Edward Streever from a judgment of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 30th day of October, 1891, dismissing the complaint on the merits, with costs, after a trial at the Saratoga Circuit before the court and a jury.

*Edgar T. Brackett*, for the appellant.

*James W. Verbeck*, for the respondent.

LEARNED, P. J.:

This is an appeal from a judgment on a dismissal of the complaint upon plaintiff's opening and offer of proof. The facts mate-

rial are as follows: In January, 1890, plaintiff made a verbal contract with one James Tappan, then a minor seventeen years old, that Tappan should live with plaintiff and render him services, and as compensation he should provide Tappan with board, clothing, medical attendance and care in case of sickness, and should give him $100 when he became twenty-one years of age. Under that agreement Tappan worked from January 25, 1890, to December 25, 1890. On the last day the defendant owned a hotel, known to her to be used for the sale of intoxicating liquors; and the lessee or his agent sold Tappan intoxicating liquor. He became intoxicated; fell in the road and was seriously frozen. Tappan, being thus injured, was cared for by the plaintiff and provided with medical attendance, in pursuance of said agreement, to the extent of $216. Neither plaintiff nor Tappan had repudiated the said verbal agreement. In consequence of Tappan's injury he was incapacitated from rendering services to plaintiff for two months. The circumstances of the sale (as plaintiff offered to prove them), were such as to entitle plaintiff (if entitled to anything), to punitive damages against defendant.

The sole question is whether, under what is called the civil damage act, the plaintiff has a cause of action.

Chapter 646 of the Laws of 1873, section 1, leaving out the words which are not material here, is as follows: "Every employer who shall be injured in person, property or means of support in consequence of the intoxication of any person, shall have a right of action against any person who shall, by selling intoxicating liquors, have caused the intoxication of such person." The remainder of the section makes the owner of the building, having knowledge, etc., liable with the person selling.

The plaintiff was an employer of Tappan. The question is whether plaintiff was injured in property by Tappan's intoxication. For it is plain that he was not injured in person or in means of support. No cause of action exists in his favor by common law. (*Volans* v. *Owen*, 74 N. Y., 526.) The case of *Neu* v. *McKechnie* (95 N. Y., 632), cited by plaintiff, was one of injury to means of support, and, therefore, throws no light on the present case.

The plaintiff's first position is that the agreement between him and Tappan was for necessaries, and, therefore, valid. It is true that when an infant has no parent or guardian who is able to furnish what

is necessary, he is liable for necessaries furnished him. (*Kline* v. *L'Amoreux*, 2 Paige, 419.) It does not appear whether Tappan had such parent or guardian. But assume that he had none. Then he is liable to pay for necessaries furnished him at his request. But that principle does not mean that the executory contract in regard to such necessaries is binding. (*Beardsley* v. *Hotchkiss*, 96 N. Y., 201.) This was shown in *Baum* v. *Stone* (12 Week. Dig., 353), where it is said that the seller may recover, "not because of the force of the contract fixing the price, but because an infant is bound in law to pay the reasonable worth of necessaries." Thus in this case the plaintiff may have a good claim against Tappan for the reasonable worth of necessaries furnished him; but the contract by which Tappan was to do such and such work therefor is not binding. In the case last cited the infant lived with and worked for defendant for several years before coming of age. It was held that whatever had been the contract between them, the infant was entitled to recover the value of his services after deducting the value of the necessaries furnished. (See *Whitmarsh* v. *Hall*, 3 Denio, 375.) Hence in the present case Tappan might recover from plaintiff the value of services, less necessaries furnished, without regard to the alleged contract between them. The contract, then, was no more binding because it was for necessaries, and the plaintiff could not enforce it upon that ground.

*Second.* The plaintiff insists that infancy is a defense personal to the infant, and, therefore, that this defendant cannot set it up. That statement of the principle is rather broad. We may quote from *Beardsley* v. *Hotchkiss* (*ut supra*): "As to contracts purely executory it must be shown that the infant ratified them after he became of age before they can be enforced against him. As to contracts executed, such as deeds of land or conveyances of personal property, they will generally be deemed to be ratified * * * unless they be disaffirmed by the infant before he arrives at age or within a reasonable time thereafter. She (the infant) did not disaffirm the contract in her lifetime, and left it in full force at her death." Of course, if the infant has ratified or has failed to disaffirm, as above particularized, at age, others cannot treat the contract as void. In the present case Tappan is still a minor and has not ratified, and cannot ratify, or fail to disaffirm as above stated.

Furthermore, it is not here a question of defense to a contract. The plaintiff claims property as to which he says he has been injured. Then he must show the property. If he has no title to the property, he cannot recover for the injury. What, then, is the property of the plaintiff which he says has been injured? Not the care and medical attendance which he has kindly afforded Tappan. Because, as we have seen already, Tappan is liable to pay the value of this. Not the value of board and clothing which he has furnished. For, as above shown, that can be set off against any claim which Tappan might make for compensation for services. The only property which he can claim is the right to Tappan's services, of which he avers that he has been deprived for two months. Then the question must arise, had he a valid title to those services? We have already seen in the case of *Baum* v. *Stone*, that while the plaintiff is entitled to compensation for necessaries furnished, he is not entitled to enforce as valid the specific contract made in relation thereto. That is, Tappan is not legally bound to render those services for the necessaries furnished. If he renders services, he is entitled to their value. If he receives necessaries, he is bound to pay their value. But the contract of service to be paid by necessaries and $100 is not binding. Hence the plaintiff has no property therein. When Tappan shall arrive at twenty-one the plaintiff's rights will be simply to be paid for board, clothing, medical care, etc., and his liability will be to pay Tappan what his services were worth. How can Tappan's intoxication affect that matter? (See *Medbury* v. *Watrous*, 7 Hill, 110.) We cannot see, therefore, that the plaintiff has been injured in property. For property must be something which one legally owns, not that to which he has only a moral claim or which another person will probably permit him to have.

This view seems conclusive of the case. But another point is urged, viz., that, irrespective of Tappan's infancy, the contract was void by the statute of frauds, and, therefore, the plaintiff cannot recover. The plaintiff's answer to this is similar to what was above insisted, viz., that no one but the parties and privies to a contract can take advantage of this statute. Now, it is undoubtedly true that the parties to a contract void by the statute of frauds, may perform it if they choose; and that when they shall have performed it no one else can allege its invalidity. The plaintiff also urges that where

·one party has been prevented from performing such a void contract by the fraudulent act of some third person, such third person is liable ·for damages caused by his act. (*Rice* v. *Manley*, 66 N. Y., 82, and similar cases.)

If this were an action against the defendant at common law for ·damages occasioned by some fraudulent act, by which defendant had prevented Tappan from performing his contract, there would ˙be more analogy with the cases cited. But plaintiff has no cause of .action at common law. And his statutory action is limited to injury to property. Take this word in its broadest meaning, as including things in possession and things in action. Then, what are things in .action or choses in action. "Rights to receive or recover a debt, or money or damages for breach of contract, or for tort connected with ·contract." (Bouvier's Law Dict., under "Property" and "Choses in Action.") If we turn to the Code (§ 3343) for definitions of its ·own use of the words, we find : "An 'injury to property' is an action-:able act whereby the estate of another is lessened, other than a personal injury or the breach of a contract." "The word 'property' includes real and personal property." "The words 'personal prop-·erty' include money, chattels, things in action and evidences of debt."

Certainly the plaintiff was not injured as to any property in pos-.session. Was he injured as to any chose in action? Not unless he had a legal claim, and he had none.

There is sometimes a cause of action where there is no injury to property ; as, for instance, in slander and the like. But the statutory cause of action is confined to injury to property ; person and means ·of support not being now in question. And we are of opinion that the plaintiff had no property which was injured.

The judgment should be affirmed, with costs.

MAYHAM, J., concurred ; KELLOGG, J., not acting.

Judgment affirmed, with costs.