VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.

---

In the Matter of the Distribution of the Proceeds of the Real Estate of ELIZABETH A. STILWELL, Deceased.

FRANCES DIXON, Appellant; HANNAH M. STILWELL, Respondent.

*Distribution of surplus moneys — sales of a decedent's realty in foreclosure — jurisdiction of Surrogates' Courts — determination of conflicting claims.*

When surplus moneys arising on a mortgage foreclosure sale of a decedent's real estate have been paid into the Surrogate's Court, as provided by section 2798 of the Code of Civil Procedure, and the surrogate has jurisdiction over the subject-matter and of the parties claiming an interest therein, he may proceed to finally distribute the fund, and is not obliged to stay his proceedings because of the pendency in the Supreme Court of an action of ejectment between parties to the proceedings before him, for the recovery of the real estate from which the fund was derived.

Sections 2797 and 2798 of the Code of Civil Procedure, which relate to the effect of the pendency of actions upon proceedings in Surrogates' Courts, for the disposition of a decedent's real estate, and to the distribution of surplus moneys

arising from the sale of a decedent's real estate in foreclosure, do not, deprive the Supreme Court of jurisdiction, and are not open to the charge of unconstitutionality on that ground.

The provisions of section 2798 of the Code of Civil Procedure do not compel the Supreme Court to direct the payment over to the surrogate of surplus moneys, arising from a sale of a decedent's real property under its judgment, but that court may direct such payment, and thus transfer to the surrogate jurisdiction over the distribution of such moneys.

Although when, after the death of the owner of real property, an action is commenced in the Supreme Court to foreclose a mortgage thereon, and the property is sold pursuant to the judgment in the action, the surplus moneys arising upon the sale may be distributed under the direction of that court, yet, when the judgment in such action directs the deposit of the surplus moneys with the surrogate for distribution, and no appeal is taken from, or objection made to, such direction, and the fund has been deposited in pursuance thereof in the Surrogate's Court, it is too late, in the proceeding before the surrogate, to make the point that, his authority and jurisdiction being limited, he cannot determine all the questions that will arise between the parties as to their conflicting claims to the fund.

This is so, even though such claims may involve the title to real estate or the validity of a will of real estate.

APPEALS by Frances Dixon, claiming to be the sole heir at law of Elizabeth A. Stilwell, deceased:

(1) From a decree of the surrogate of New York county, entered on the 13th day of February, 1893, decreeing distribution of surplus moneys arising from a sale under foreclosure of real estate owned by said decedent in an action of foreclosure brought in the Supreme Court.

(2) From an order of the surrogate, entered on the 9th day of February, 1893, in effect denying her application for a stay of proceedings, pending the determination of an action of ejectment in the Supreme Court begun by appellant against devisees under the will and others, to recover possession, among other real estate, of the premises so sold.

*John G. Agar* and *Abram F. Servin*, for the appellant.

*Payson Merrill*, for the respondent.

O'BRIEN, J.:

Elizabeth A. Stilwell died in 1890, seized of premises No. 214 West Thirty-fourth street, in the city of New York. Her will was subsequently, in 1891, admitted to probate in this county. This

property, at the time of Mrs. Stilwell's death, was subject to a mortgage. An action to foreclose this mortgage was commenced in July, 1891, and judgment therein entered in November, 1891, and thereunder the premises were sold and the surplus money arising therefrom was paid into the Surrogate's Court, pursuant to section 2798 of the Code. An application was then made by one of the devisees of Mrs. Stilwell, in which proceeding the other devisees and the appellant Frances Dixon, who claims to be a daughter of Mrs. Stilwell, were parties, to distribute this surplus among the parties entitled thereto.

In answer to this application, Mrs. Dixon showed that on the 14th of September, 1891, she had commenced an action of ejectment to recover possession of the mortgaged premises, which was then and still is pending.

Though at first inclined to a different view, the surrogate, on further consideration, decided that the pendency of the ejectment action was no obstacle to the proceeding in the Surrogate's Court, and that that court had jurisdiction to try and decide the issues involved in the proceeding, and directed the parties claiming the fund to present their proof before him. Thereupon, Mrs. Dixon filed an answer, but on the hearing presented no proof.

The conclusion reached by the surrogate, as shown in his opinion, is based upon three propositions :

*First.* That appellant's rights to the land were cut off from the land by the sale in foreclosure and transferred to the surplus, and could only be asserted in a proceeding for its distribution.

*Second.* That the provisions of the Code imperatively require that the surplus moneys be paid into the Surrogate's Court.

*Third.* That these provisions, from the nature of the case, necessitate the jurisdiction by him commensurate with the purpose of this proceeding.

It appears that the appellant was a party to the foreclosure suit, and that by the judgment, as amended, the surplus was directed to be paid into the Surrogate's Court. There is nothing to show that any objection was made by the appellant to this provision of the judgment, and we fail to see, therefore, how many of the questions now sought to be raised can be presented, or how they could be presented except by an appeal from the judgment.

If, however, we briefly consider the positions so ably presented by appellant, the conclusion will be similar to that reached by the learned surrogate. That the claim of the appellant is subordinate to the lien of the mortgage, and by the sale was cut off and transferred to the surplus is evident. And even though a claim or right originally existing against land might be litigated in an independent action, and the party not to be confined to the surplus proceeding — which is seemingly contrary to the view of the cases referred to by the surrogate — yet we think it clear that subsequent to the sale of the property an independent action in ejectment would not lie. The object of such an action is to put the plaintiff in possession of the land, and where the object sought to be accomplished no longer exists, it would be requiring of the court to litigate a purely abstract question ; and though the court should take the appellant's view that the surplus money had been substituted for the land, we cannot imagine what judgment in an action of ejectment could be rendered which would affect such surplus.

What was said in *People ex rel. Morgan* v. *Rollins* (33 Hun, 48, head-note), is here applicable : " Where a court has acquired jurisdiction over a subject-matter, and the parties in interest, in the course of the exercise of its right of authority, it is its duty to proceed with the hearing until a final determination is made of the matters presented for its consideration and under its control, unless it be prevented from so doing by an injunction or some other legal process rendering such a proceeding impracticable. A mere objection, or an objection followed by an ineffectual action in another court, will not justify a delay or a refusal to exercise its own rightful authority."

We regard it as clear that, if the surrogate had jurisdiction of the subject-matter and the parties, he was not obliged to delay exercising such jurisdiction because similar questions were pending and under consideration in another forum. In other words, where there are concurrent remedies which are resorted to by different parties, the judge or court called upon to determine questions then before them, in the absence of any good reason for not exercising jurisdiction, should not delay and await the result of an action or proceeding in another court. Of course there are instances where the facts

would warrant a court in waiting for the conclusion of an action or proceeding in another court, but the present is not one of those, and for the reasons which we have already pointed out. We are of opinion, therefore, that upon the facts appearing before the surrogate he was justified in proceeding, unless he was without jurisdiction over the subject-matter and the parties.

We are thus brought to a consideration of one of the most strenuous grounds relied upon by appellant, who takes this very position, claiming that sections 2797 and 2798 of the Code of Civil Procedure, if construed as a direction to pay all surplus moneys, after an action of foreclosure in the Supreme Court, into the Surrogate's Court, are inoperative and void because unconstitutional. The further position is taken that, though these sections should be held not to be unconstitutional, they do not authorize direct payment into the Surrogate's Court of the surplus arising from a sale in a foreclosure suit.

If the language of these sections should be held to be mandatory, requiring and directing the payment into the Surrogate's Court of the surplus arising from a sale in a foreclosure suit brought in the Supreme Court, and thus depriving the Supreme Court of part of the jurisdiction conferred upon it in all cases of law and equity by the Constitution, we should be inclined to hold that so much of the sections as tend to such a result would be unconstitutional. It has been held, however, by this court, construing chapter 658 of the Laws of 1867, as afterwards amended by chapter 170 of the Laws of 1870, which law is embodied in section 2798 of the Code, that it did not apply to sales made pursuant to judgments. (*German Savings Bank* v. *Sharer*, 25 Hun, 409.) That case is authority for the view that where, after the death of the owner of real property, an action is commenced to foreclose a mortgage thereupon, and the property is sold pursuant to the judgment in the action, the surplus moneys arising upon the sale might be distributed under the direction of the court.

While, therefore, the Supreme Court may proceed to distribute the surplus, and is not prevented from distributing the same by force of any seeming direction requiring that it should be deposited in the Surrogate's Court, it does not from this follow that, because the Supreme Court has jurisdiction, it must itself proceed and exer-

cise it. . Many instances might be suggested and thought of wherein,. there being no dispute or questions to be passed upon, it might be entirely proper to relegate the subject of distribution to the Surrogate's Court or to another jurisdiction. And it would seemingly follow that the power thus conferred by the Supreme Court upon either its own officer or referee, or subordinate tribunal, to distribute,. would include the necessary power to pass upon all questions essential to a just and equitable distribution of such surplus. However this may be, we do not think it can be seriously contended that. the Supreme Court in every case would be bound itself to proceed and distribute, or that it would have no right, upon proper facts, appearing, and where it would be for the advantage of all interested in the fund, to direct, by its order or judgment, the deposit of such surplus in the Surrogate's Court, and leave to that court its distribution. That, in effect, is what was here done. The judgment of this. court, made in an action in which this very appellant was a party, as already stated, directed the deposit in the Surrogate's Court; and if there was any good reason why this provision of the judgment. should not have been made, the time to object would have been when the judgment was rendered, and, if aggrieved thereby, an appeal would supply a remedy to review the merits of such a grievance. Where, however, no objection was made and no appeal taken, and the fund has been deposited pursuant thereto in the Surrogate's. Court, it is too late, upon the proceedings before the surrogate, to make the point that, his authority and jurisdiction being limited, he cannot determine all the questions that will arise between the parties. as to their conflicting claims to the fund.

We think, therefore, that the appellant is not in a position to question the power of the surrogate or to now insist that he is without authority to pass upon the priority of conflicting claims between heir and devisee to the fund, as distinguished from their validity. Were the question, however, before us, we should be inclined to adopt the conclusion reached by the learned surrogate, that the subject having been referred to him, this, by force of the judgment and the provisions of the Code, would necessitate the possession by the Surrogate's Court of a commensurate power and jurisdiction.

This conclusion is equally fatal to appellant's further contention. that, as her answer presented questions involving the title to real

estate or the validity of a will of real estate, the surrogate had no jurisdiction to decide upon such issues.

Our opinion, therefore, upon all the questions raised is that the surrogate was right in his conclusions, and that both the order and the decree should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order and decree affirmed, with costs.