(98 App. Div. 254)

## SHERMAN v. HAYWARD.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. DOWER—INCHOATE RIGHT—REACHING RIGHT BY CREDITORS' BILL.

　.Code Civ. Proc. § 1871, provides that, when an execution against the property of a judgment debtor has been returned unsatisfied, the creditor may maintain an action against any person for discovery; and section 1873 provides that the final judgment in the action must provide for the

¶ 1. See Creditors' Suit, vol. 14, Cent. Dig. §§ 27, 35.

satisfaction of the sum due plaintiff out of any money or thing in action belonging to the judgment debtor, or held in trust for him. *Held*, that a wife's inchoate right of dower cannot be reached by a creditors' bill.

Appeal from Special Term, Kings County.

Suit by Thomas H. Sherman against Emma J. Hayward. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Horace Graves, for appellant.

Hamilton Anderson, for respondent.

JENKS, J. I am of opinion that the defendant's right of dower cannot be reached by a creditors' bill. In Clifford v. Kampfe, 147 N. Y. 383, 385; 42 N. E. 1, the court, per Haight, J., say:

"Dower accrues to the widow, and not to the wife; and, until she becomes a widow, her right is inchoate and contingent. Her claim can only become effective on the death of her husband and her survival. Being inchoate and contingent, her interest does not amount to an estate or title, and yet she has an interest which attaches to the land as soon as there is a concurrence of marriage and seisin. 4 Kent, Comm. 50."

In Elmendorf v. Lockwood, 57 N. Y. 322, 324, the court, per Earl, J., say:

"During the lifetime of the husband the wife has an inchoate right of dower in all the lands of which he becomes seised. The right is not an estate in the land, but is a mere contingent interest which attaches to the land as soon as there is the concurrence of marriage and seisin. This interest becomes fixed and certain upon the death of the husband, his wife surviving, and after assignment of the dower becomes a freehold estate in land."

In Wait v. Wait, 4 N. Y. 95, 99, the court, per Harris, J., say:

"'Dower,' says Kent, 'is a title inchoate and not consummate until the death of the husband, but it is an interest which attaches on the land as soon as there is the concurrence of marriage and seisin.' 4 Kent, 50. It may be compared to a life estate vested in one person, to take effect only in case he survives another. The right to enjoy the estate is but a possibility. He may and he may not survive. If he do survive, the right becomes perfect."

In Randall v. Krieger, 23 Wall. 137, 148, 23 L. Ed. 124, the court say:

"During the life of the husband the right is a mere expectancy or possibility. In that condition of things, the lawmaking power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, or otherwise alter it, or wholly take it away. It is upon the same footing with the expectancy of heirs, apparent or presumptive, before the death of the ancestor. Until that event occurs, the law of descent and distribution may be molded according to the will of the Legislature."

It is true that the courts have held that this inchoate right is a "valuable, subsisting, separate, and distinct interest," but this has been to afford protection and preservation. Clifford v. Kampfe, supra, and authorities cited; Simar v. Canaday, 53 N. Y. 298, 305, 13 Am. Rep. 523. But I am cited to no precedent, and I find none, that adjudges that such inchoate right is subject to a creditors' suit. Nor do I see

any cogent reason why this court should make a precedent which recognizes this interest as subject to such an action. A mere contingent right which is but a bare possibility is not subject to a creditors' action. Smith v. Kearney, 2 Barb. Ch. 533, is applicable. A paragraph of the headnote says:

"The contingent right which a person has in the estate of another, arising from the chance that he may be entitled to a share in such estate, as one of the next of kin of the owner thereof, should he outlive him, is only a bare possibility, unaccompanied by any interest, during the life of such owner; and it cannot be reached by a creditors' bill."

I have noted supra that the Supreme Court of the United States, in Randall v. Krieger, supra, and the Court of Appeals in Wait v. Wait, supra, have compared such interests as analogous to the estate referred to in Smith v. Kearney. The action can only reach property belonging to, or things in action due to, the debtor, or held in trust for him. Niver v. Crane, 98 N. Y. 40.

The learned counsel for the appellant insists that the right is subject to this action for the reason that it is a chose in action, and therefore within the purview of sections 1871 and 1873 of the Code of Civil Procedure. He chiefly relies upon an expression in the opinion of Ruger, C. J., in Witthaus v. Schack, 105 N. Y. 332, 11 N. E. 649, which is as follows:

"The settled theory of the law as to the nature of an inchoate right of dower is that it is not an estate or interest in land at all, but is a contingent claim arising not out of contract, but as an institution of law, constituting a mere chose in action, incapable of transfer by grant or conveyance, but susceptible only, during its inchoate state, of extinguishment."

I think that the learned judge by this expression did not intend to define this inchoate right as a chose in action, but simply used it, currente calamo, as a descriptive term. Indeed, in the same paragraph of that opinion he quotes with approval from the opinion of Gardiner, J., in Moore v. City of New York, 8 N. Y. 110, 59 Am. Dec. 473:

"Before assignment of dower, the widow has no estate, but a mere right in action, or claim which cannot be sold on execution. * * * If this is the true character of the right of the widow prior to the assignment, that of a wife must be a right to a claim for dower, contingent upon her surviving her husband. Such a possibility may be released, but it is not, it is believed, the subject of grant or assignment, nor is it in any sense an interest in real estate."

The learned judge thus fully recognizes that the right of a wife is but a contingent right, a possibility; and it is not to be credited that he intended to place a mere contingent right, a mere possibility, among choses in action, and in the same category with the right of a widow before assignment, which right he recognizes as a chose in action.

The term "chose in action," as defined by courts and law writers, implies a right to possession which may be demanded by action. Gillet v. Fairchild, 4 Denio, 80; Williams on Executors, vol. 2, p. 1; Winfield, Adjudged Words & Phrases, citing Ramsey v. Gould, 57 Barb. 398, 408. In Streever v. Birch, 62 Hun, 298, 302, 17 N. Y. Supp. 195, the court say:

"Then what are things in action or choses in action? 'Rights to receive or to recover a debt, or money or damages for breach of contract, or for

tort connected with contract.' Bouvier's Law Dict., under 'Property' and 'Choses in Action.' If we turn to the Code (section 3343) for definitions of its own use of the words, we find: 'An injury to property is an actionable act whereby the estate of another is lessened, other than a personal injury or the breach of a contract.' 'The word property includes real and personal property.' 'The words personal property include money, chattels, things in action and evidences of debt.' Certainly the plaintiff was not injured as to any property in possession. Was he injured as to any chose in action? Not unless he had a legal claim, and he had none."

It is true that the term does not necessarily imply a present right of action. Haskell v. Blair, 3 Cush. 534. But it is not applicable to a right which in itself is but a possibility or contingency, at least in the sense in which it is used in the sections of the Code under consideration. In Hammond v. Pennock, 61 N. Y. 145, 158, Dwight, C., says:

"It is an elementary rule of law that the wife has no estate in the land, nor any interest in real estate, nor property of which value can be predicated. Moore v. Mayor of New York, 8 N. Y. 110, 59 Am. Dec. 473. She has not even a chose in action, and cannot protect the land in any way from waste and deterioration either by her husband or his alienee. Her interest is a mere incident to that of her husband. Whatever may defeat that ab initio destroys her claim. Tudor's Cas. 44; 2 Crabb, Real Prop. 165."

Washburn on Real Property (5th Ed.) vol. 1, at p. 312, says:

"It is no right which her husband can bar or incumber; nor she herself, except by deed in which her husband joins, and then it is only in the way of estoppel, for her deed, even of grant, does not pass any title to the estate. She has not, in this stage of her right, even a chose in action in respect to the estate; nor can she protect it in any way from waste or deterioration by her husband or his alienee; nor is her right at law in any sense an interest in real estate, nor property of which value can be predicated. She cannot convey it, nor is it a thing to be assigned by her during the life of the husband."

The term "chose in action" is properly applied to the widow's right to dower, which is consummate. Thus, in Aikman v. Harsell, 98 N. Y. 186, the court, per Millar, J., say:

"The right of a widow to dower until it is assigned is a mere chose in action, which is not the subject of a sale upon execution at law, and before assignment or admeasurement is only a claim." Citing authorities.

In Tompkins v. Fonda, 4 Paige, 448, the chancellor says:

"At law, the widow's right of dower, previous to an assignment thereof, is not an estate or freehold in the lands of her deceased husband, but is a mere right or chose in action. She has not, therefore, such an interest in the land as can be sold on execution." And again: "The right of dower of the defendant in this case is such an interest as may be reached by the aid of this court, and applied to the satisfaction of the complainant's judgment. Indeed, the term 'things in action,' as used in the statute (2 R. S. [1st Ed.] Part 3, c. 1, tit. 2, p. 174, § 39), embraces this very case, as the widow's right of dower before assignment is not an estate in her, but is properly a chose in action. Jacob's Law Dict. tits. 'Choses Termes de la Ley,' 'Chose in Action.'"

See, too, Stewart v. McMartin, 5 Barb. 438, 446; Andrews v. Andrews, 14 N. J. Law, 141.

The judgment should be affirmed, with costs. All concur.