Demurrer overruled, defendant to have twenty days to serve an answer.

---

WESTLAKE R. MANUEL, Plaintiff, v. WILLIAM BECK, Defendant.

(County Court, Orleans County, January, 1911.)

Adoption of children — Mode and sufficiency of adoption.
Apprentices — Right to services and earnings of apprentice — Necessity for valid apprenticeship.
Implied contracts — Contracts implied in fact — Acceptance of benefits — Relationship of parties — Persons occupying relation of parent and child.

> Where an officer of a home for poor and orphan children leaves one of its inmates with the head of a family to be taken care of while satisfactory, but without any of the formalities required by statute for binding out destitute children as apprentices or their adoption, the person taking the child does not stand in the relation of master, parent or guardian to him, and is liable to him for the value of any services he renders.

MOTION for a new trial on the minutes.

Gerald B. Fluhrer (Herbert T. Reed, of counsel), for plaintiff.

Thomas A. Kirby, for defendant.

SIGNOR, J. Action to recover the value of three years' services rendered by the plaintiff to the defendant during his minority.

The court directed a verdict for plaintiff, leaving to the jury the value of the services.

Jury rendered a verdict for the plaintiff for $301.32.

The plaintiff, when he was about eleven years of age, by reason of the death of his parents became a public charge and was taken by the overseer of the poor for the city of Niagara Falls, where he resided, to the Home for the Friendless located at Lockport, in the county of Niagara.

The superintendent of the poor for Niagara county then gave what purported to be a written commitment signed by him, committing said Westlake R. Manuel to said institution " to be cared for at the expense of Niagara County."

He remained at the Home for the Friendless some eight or ten months, when he was taken by an employee of said institution to the home of the defendant in the adjoining county of Orleans and left there with instructions to defendant to treat him as one of the family and, if he was not satisfactory, to notify the person who brought him there, who was known as a visitor for the Home. Mr. Bayliss, the visitor, said he told him, the defendant, to care for him in sickness and in health and, if he should die, give him a Christian burial and, if he became sick of this arrangement, they would take him away.

There was never any writing or any other arrangement than the one above given. The plaintiff remained with the defendant four years as a member of the family and, during the last three years, addressed defendant and his wife as his parents. It was conceded that during the first year his services were worth no more than he received by way of board, clothes and care; but it was proven that during the last three years his services were worth the amount awarded by the jury over and above what he received.

The Home for the Friendless is a corporation incorporated by a special act of the Legislature mainly for the purpose of caring for poor and orphan children.

By the Poor Law of this State it is provided that no child

under sixteen years of age, unless in exceptional cases, shall be committed to any almshouse, but provides (§ 56) that " provision shall be made for the care of such child or children in families, orphan asylums, hospitals or other appropriate institutions for the support and care of children *as provided by law.*"

Section 124 of the Domestic Relations Law provides that an orphan asylum or charitable institution for the care of orphans, friendless or destitute children, may bind out as an apprentice, clerk or servant an indigent or poor child *by an indenture in writing.* It also provides that such child must have been absolutely surrendered to the care and custody of such asylum or institution, in pursuance of the provision of the Poor Law, or have been placed therein as a poor person, as provided in section 56 of said law, or have been left to the care of such asylum or institution with no provision by the parent, relative or legal guardian of such child for its support for a period of one year next preceding.

Section 123 provides for the binding out of a minor whose support shall become chargeable to a municipal corporation, but in such case the indenture must be signed by certain officers therein named.

Sections 300 and 301 of the State Charities Law provide who may place out destitute children in a family other than that of a relative, and those authorized by section 301 may only place them out " in the manner now provided by law;" and section 303 provides that a record shall be kept of the parentage of the child and residence of parties with whom it is placed, etc.

It is apparent from the formalities to be observed that the law does not contemplate placing children in families, to remain, except *in the manner provided by law.*

There seem to be two ways of placing children in families provided by law. Article 7 of the Domestic Relations Law provides for the adoption of children. Section 11 provides whose consent shall be necessary. This section does not seem to contemplate an adoption on consent of a charitable institution.

Section 115 provides how children may be placed for

adoption by charitable institutions and how the adoption shall be effected, and this must be by the execution of an instrument containing substantially the same provisions as the instrument provided in the article for voluntary adoption, and the instrument must be signed and sealed in the corporate name of such corporation *by the officer or officers authorized by the directors thereof to sign the corporate name.* In such cases this instrument should doubtless be accompanied with proof of the authority of the officers to sign.

Article 8 of the Domestic Relations Law provides for binding out a minor to serve as clerk or servant in any trade, profession or employment, but this must be done by indenture, and section 121 provides for protecting the interests of the child, and section 122 provides what consents are necessary; but in all such cases the consent of the minor, as well as of some one authorized to act in his behalf, is necessary. Sections 123 and 124 provide for binding out minors by poor officers and by charitable institutions, but the binding out must in each case be by a written instrument; and a child can be bound out under section 124 only when such child has been absolutely surrendered to the care and custody of the institution, either in pursuance of the provisions of the Domestic Relations Law or under section 56 of the Poor Law; and under this section the commitment cannot be by simply placing the child in the institution and leaving him there.

By section 493 of the Penal Law it is made a misdemeanor for a person to take an apprentice without having first obtained the consent of his legal guardian or unless a written agreement has been entered into as prescribed by law.

In the case under consideration the plaintiff was not in the Home a year; he had not been committed under any of the provisions of law that would authorize binding him out; he was not removed therefrom by any of the poor officers of the town or county; he was simply taken by an employee of the home and left in the family of the defendant, to be returned at any time, if the arrangement was not satisfac-

tory. The defendant was under no obligation to keep him longer than he wished or to provide for him or to pay him any sum when he should leave. Whatever verbal arrangement was made was made by a person having no legal right to make any arrangement whatever in reference to his care or services.

It was claimed that, independently of the action of the person who took him to the home of the defendant, by the plaintiff's remaining, the relation existing was such that he occupied the position of a member of the family and could not recover for his services. There was no relationship or kinship existing between the parties by which any such presumption would arise; no contract or agreement was made by any one having any right to represent the infant or by the infant himself; and, had he entered into an agreement to work, even for an agreed compensation, he might have disaffirmed the agreement and recovered on a *quantum meruit.* This proposition hardly needs citations for its support, but the law in this respect and the principles on which it rests are laid down in Whitmarsh v. Hall, 3 Den. 375; Baum v. Stone, 12 Wkly. Dig. 353; Streever v. Birch, 42 N. Y. St. Repr. 192; 62 Hun, 298; Aborn v. Janis, 62 Misc. Rep. 95.

The motion for a new trial should be denied.

Motion denied.