## SHUELER v. LEVY et al.

(Supreme Court, Special Term, New York County. July 25, 1911.)

1. MORTGAGES (§ 568*)—FORECLOSURE — PROCEEDINGS FOR DISTRIBUTION OF SURPLUS.

A set-off for use and occupation of premises in excess of a share of the one in possession may be made in proceedings to determine the rights to surplus money in a mortgage foreclosure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1644; Dec. Dig. § 568.*]

2. MORTGAGES (§ 567*)—FORECLOSURE — PROCEEDINGS FOR DISTRIBUTION OF SURPLUS.

Where a widow had continued in possession of property subject to a mortgage after the expiration of her quarantine, on foreclosure of the mortgage and proceedings by the heirs for distribution of the surplus, in which they sought to charge her for use and occupation, she was entitled to one-third off on account of her dower right, though she could acquire no dower estate until its assignment.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 567.*]

3. MORTGAGES (§ 568*)—FORECLOSURE — PROCEEDINGS FOR DISTRIBUTION OF SURPLUS.

A widow remained in possession of premises which were subject to a mortgage beyond the expiration of her quarantine, and the heirs began ejectment against her. Held, that on foreclosure of the mortgage the pendency of the ejectment action did not prevent complete settlement of the controversy over the surplus money.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 568.*]

4. DOWER (§ 24*)—MONEY IN LIEU OF LAND—MORTGAGED PREMISES—SURPLUS PROCEEDS.

Where land was left to a widow and heirs subject to a mortgage, which was foreclosed, in the proceedings to distribute the surplus money, it was error to allow the widow dower out of the surplus before deducting expenses of the proceedings.

[Ed. Note.—For other cases, see Dower, Dec. Dig. § 24.*]

Action by Theresa Shueler against Addie Levy and others. Motion to confirm a report of a referee in a surplus money proceeding. Order to be settled on notice.

Goldfogle, Cohn & Lind (Charles L. Cohn, of counsel), for the motion.

Oscar Englander (Louis Kunen, of counsel), opposed.

GIEGERICH, J. The mortgaged premises, consisting of a house and lot in the borough of the Bronx, were owned by one Joseph Rosen up to the time of his death in 1899. The first floor was used by the owner as a store in which he carried on a tobacco business. The second floor was occupied by himself and his wife for dwelling purposes, and the third floor was rented out. The premises were subject to a mortgage held by the plaintiff, who is a daughter of the wife by a former marriage. The present action was brought to foreclose this mortgage, and the surplus is claimed by the widow and by the three children of Joseph Rosen, who are his heirs at law. It appears that after the death of Joseph Rosen the widow continued to occupy the

premises and to rent out part of them in the same manner as had been done in the lifetime of her husband. In the month of May, 1910, an action of ejectment was commenced against the widow by the children to recover possession of the premises with mesne profits, and that action is still at issue. The referee has awarded the widow a gross sum in lieu of her dower and has refused to charge her with the value of the use and occupation of the premises during the period between the expiration of her quarantine and the delivery of the referee's deed in this action, and the question whether he was right in refusing so to charge her is the main point presented by the exceptions to his report.

It appears to have been decided in the case of Kingsland v. Chetwood, 39 Hun, 602, that an offset for rents, collected by one in occupation of the mortgaged premises, in excess of his lawful share of such rents, may be properly made in a surplus money proceeding against his share of the surplus.

[1] If that be so, there is no reason why a similar offset should not be made for the value of the use and occupation of the premises, where the liability upon such a claim is established. The only question, therefore, is whether the widow is liable for the value of the use and occupation. It is settled that an action will not lie for use and occupation as such in the absence of an agreement, express or implied, sufficient to constitute the relationship of landlord and tenant between the parties (Preston v. Hawley, 139 N. Y. 296, 34 N. E. 906; Lamb v. Lamb, 146 N. Y. 317, 41 N. E. 26); but the same cases, and many other authorities there referred to, show that the owner of the land is not remediless, but may recover the value of such use and occupation as damages in an appropriate action. The questions involved in this proceeding concern the ultimate rights of the parties, and they are not to be affected by mere matters of form or procedure. The purpose of the proceeding is to make a final disposition of the surplus moneys which shall be equitable and shall finally dispose of all controversies relating thereto. Wilcox v. Drought, 36 Misc. Rep. 351, 73 N. Y. Supp. 587, and cases there cited. It follows that, as the widow would be liable in a proper action for the value of the use and occupation of the premises for the period in question, her share of the surplus would be chargeable therewith for the benefit of the other claimants. but for the fact that she was entitled to dower in the premises.

[2] Although it is true that she could acquire no estate in the lands until her dower was assigned to her (Aikman v. Harsell, 98 N. Y. 186, 191; Sherman v. Hayward, 98 App. Div. 254, 258, 90 N. Y. Supp. 481), still the heirs, who insist upon charging her with the value of the use and occupation, cannot be permitted, in a proceeding of this character, which takes into consideration the equities of all the claimants (Kingsland v. Chetwood, supra, and Wilcox v. Drought, supra), to derive any benefit from that circumstance. They must do equity in the matter, and must recognize that she is equitably entitled to one-third of the value of the use and occupation, and is therefore chargeable with only two-thirds of such value. The referee erred in failing to charge her to that extent.

[3] The pendency of the ejectment action does not present any obstacle to the complete settlement of the controversy over the surplus moneys in the present action. Matter of Stilwell, 68 Hun, 406, 23 N. Y. Supp. 65.

[4] There is a further error in the report of the referee, inasmuch as he has awarded to the widow for her dower a sum calculated upon the amount of the surplus before deducting the expenses of the proceeding. This leaves such expenses to be borne by the heirs at law, whose shares ought only to be subject to such depletion equally with the widow's.

The matter must therefore be remitted to the referee to report as to the value of the use and occupation of the premises and to correct his report in accordance with the views above expressed. The question which is raised as to the propriety of his fees can be disposed of upon the conclusion of the reference and the coming in of his further report. Settle order on notice.