HARRY S. CRAWFORD, Plaintiff, *v.* AMELIA WOODS et al.,
Defendants.

(Supreme Court, Kings Special Term, November, 1921.)

Dower — release of — judgment creditor's action — execution — judgment not a lien on inchoate right of dower.

A wife cannot execute any valid release of her dower in the real estate of her husband in any other way than by joining with him in a conveyance to a third person.

A complaint after alleging the recovery of a money judgment against two married women and the return of an execution *nulla bona* issued upon the judgment, alleged the "possession" by said defendants of an inchoate right of dower in certain described premises the fee of which was vested in their

husbands. It was further alleged that by a subsequent conveyance of the premises by said husbands, in which their wives joined, they released their right of dower in said premises, that plaintiff's judgment was a lien against the dower right of the defendant wives and that the grantees took the conveyance subject to the lien of plaintiff's judgment, and the prayer for relief was that the aforesaid judgment, with the accrued interest thereon, be adjudged a lien upon the premises and continue as such, etc. On cross-motions for judgment on the pleadings, *held,* that the motion on behalf of plaintiff must be denied and that of defendants granted and the complaint dismissed.

CROSS-MOTIONS for judgment on the pleadings.

Louis J. Halbert, for plaintiff.

Lynn C. Norris, for defendants.

KAPPER, J. Cross-motions for judgment on the pleadings consisting of a complaint and a demurrer thereto. The complaint alleges plaintiff's recovery of a judgment against the defendants Amelia Woods and Sophie Anwander for $167.95; the issuance and return unsatisfied of an execution against said judgment debtors; the "possession" by said judgment debtors of an inchoate right of dower in certain premises described in the complaint the fee of which was vested in the husbands of said judgment debtors; the subsequent conveyance of said premises by said husbands to two other defendants named, in which conveyance the said wives, the judgment debtors, joined, whereby they "released their right of dower in the said premises" to the said defendants' grantees; "and that said judgment is a lien against the dower of the said defendants, Amelia Woods and Sophie Anwander, in the said premises aforesaid, and that the defendants Abraham Stepein and Abraham Kern,

took a conveyance of the said premises aforesaid, subject to the lien of the said judgment." Then follows the prayer for relief, namely: "Wherefore deponent (*sic*) prays for judgment herein that the judgment aforesaid in the sum of One hundred and sixty-seven and 95/100 ($167.95) Dollars together with the accrued interest thereon, be adjudged and to be a lien upon the hereinbefore described premises, and revive and continue as such, and that an execution may issue against said property and a sale be had of such premises to satisfy the said judgment and for such other and further relief, as to this court may seem just and proper." No charge of fraud is made against any of the defendants. The action has the merit of novelty in that it is concededly without precedent. In *Sherman* v. *Hayward*, 98 App. Div. 254, it was sought to satisfy a judgment recovered against a wife out of her inchoate right of dower, and it was held that *a wife's inchoate right of dower in real property owned by her husband could not be reached in a judgment creditor's action.* The distinction between the case cited where there had been no transfer of the property and the one at bar is that here a ruling is sought to hold the *release* of dower as the creation of an estate of such tangibility and segregation as to be reachable by a judgment creditor's action. This view ignores the nature or character of an inchoate right of dower. A wife cannot convey or assign her inchoate right of dower. When she joins with her husband in his conveyance she merely releases a *contingent future right* which operates against her solely by way of an estoppel. *Malloney* v. *Horan,* 49 N. Y. 111, 118. She cannot execute any valid release of her dower in the real estate of her husband in any other way than by joining with him in a conveyance to a third person. *Malloney* v. *Horan, supra.* Washburn on Real Prop-

Misc.] Supreme Court, November, 1921.

erty (vol. 1 [5th ed.], 312) says: " It is no right which her husband can bar or incumber; nor she herself, except by deed in which her husband joins, and then it is only in the way of estoppel, for her deed even of grant does not pass any title to the estate. *She has not, in this stage of her right, even a chose in action in respect to the estate;* nor can she protect it in any way from waste or deterioration by her husband or his alienee; nor is her right at law in any sense an interest in real estate nor property of which value can be predicated. She cannot convey it, nor is it a thing to be assigned by her during the life of her husband." During the life of the husband the right is a mere expectancy or possibility. *Sherman* v. *Hayward, supra.* In Scribner on Dower (vol. 2 [2d ed.], 5), it is said: " It is difficult to state with precision the nature and qualities of inchoate dower interest when considered as a right of property. A certain vagueness of expression uniformly characterizes the discussions of the subject, and these discussons are commonly attended with unsatisfactory results. ' It is not easy,' says a distinguished jurist (McLean, J., in *Johnson* v. *Van Dyke,* 6 McLean, 422), ' to define the right of dower before the death of the husband * * *. It is not only an inchoate right, but contingent. It depends upon the death of the husband. If he survives his wife, she has no right transmissible to her heirs nor during the life of her husband can she give it any form of property to her advantage * * *. So long as the husband shall live, it is only a right in legal contemplation, depending upon the good conduct of the wife and the death of the husband. Until the death of the husband, the right — if it may be called a right — is shadowy and fictitious, and, like all rights which are contingent, may never become vested.' " Similar language is employed by the court

in the case of *Moore* v. *City of New York,* 8 N. Y. 110.
It is there said that the inchoate interest of the wife
is " a right to a claim for dower, contingent upon her
surviving her husband. Such a possibility may be
released, but it is not, it is believed, the subject of
grant or assignment, nor is it in any sense, an *interest
in real estate.* It is not of itself property, the value
of which may be estimated, but an inchoate right,
which, on the happening of certain events, may be
consummated so as to entitle the widow to demand
and receive a freehold estate in the land * * *."
Enough has been said to indicate that the defendants,
wives, possessed nothing tangible when they joined in
the conveyance, and it would logically follow that the
creditor lost nothing by such conveyance. It would
require an unprecedented ruling to charge the estate
of the defendants, grantees, with the lien of plain-
tiff's judgment in the circumstances here shown. I
am disinclined to create the precedent. The plain-
tiff's motion must be denied and that of the defend-
ants for judgment on the pleadings and that the
complaint be dismissed must be granted, with costs
and ten dollars costs of motion.

Ordered accordingly.